Bentley G. Stromberg ISB No. 3737
Sonyalee R. Nutsch ISB No. 6189
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
bstromberg@clbrmc.com
snutsch@clbrmc.com
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)

     Attorneys for Defendants University
     of Idaho and Mark Adams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS, ) | |
| ) | Case No: 3:19-CV-00225-BLW |
| Plaintiff, ) | |
| ) | DEFENDANTS' ANSWER TO |
| vs. ) | COMPLAINT AND DEMAND FOR |
| ) | JURY TRIAL |
| UNIVERSITY OF IDAHO, COLLEGE ) | |
| OF LAW a public university governed ) | |
| by the STATE BOARD OF ) | |
| EDUCATION an executive department ) | |
| of the STATE OF IDAHO, and MARK ) | |
| ADAMS former Dean of the College of ) | |
| Law, in his official capacity, ) | |
| ) | |
| Defendants. ) | |

UNIVERSITY OF IDAHO and MARK ADAMS ("defendants"), by and

through their attorneys of record, Bentley G. Stromberg and Sonyalee R. Nutsch of Clements,

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL     –1–

Brown & McNichols, P.A., answer plaintiff's Complaint ("Complaint") as follows:

Defendants deny each and every allegation of plaintiff's Complaint not herein expressly and specifically admitted. Defendants further reserve the right to amend this or any other answer or denial stated herein once they have had the opportunity to complete discovery regarding any of the claims and allegations contained in plaintiff's Complaint.

Additionally, there is no legal entity known as the "University of Idaho College of Law". The University of Idaho College of Law is a college within the University of Idaho, which is governed by the "Regents of the University of Idaho," a constitutional corporation and the proper legal entity for the University of Idaho. See Idaho Constitution Article IX, Section 10 (incorporating by reference the January 30, 1889 act of the territorial legislature creating and establishing the University of Idaho, which designates the "Regents of the University of Idaho" as the body corporate).

1.       Answering paragraph 1, defendants admit that plaintiff is a black female law professor who has brought claims in her Complaint under the United States Code sections cited in the paragraph. Defendants deny the remaining allegations and inferences of paragraph 1.

2.       Answering paragraph 2, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief.

3.       Defendants admit paragraph 3.

4.       Answering paragraph 4, defendants admit that the University of Idaho is

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL            –2–

an educational institution which receives funding from the federal government, but denies the remaining allegations and inferences of the paragraph.

5.    Answering paragraph 5, defendants admit that Mark Adams served as the Dean of the College of Law for the approximate dates noted and that he has been sued in his official capacity, but deny the remaining allegations and inferences of the paragraph due to their ambiguity.

6.    Defendants admit paragraph 6.

7.    In answering paragraph 7, defendants admit that venue is proper with this Court, but deny the remaining allegations and inferences of the paragraph due to their ambiguity.

8.    Defendants admit paragraph 8.

9.    Defendants admit paragraph 9 with the exception of the allegation regarding plaintiff's entry into "the legal academy", which defendants deny due to its ambiguity.

10.    Answering paragraph 10, defendants admit the first sentence, admit that plaintiff earned tenure in 2016, and admit that plaintiff achieved the rank of full professor in 2018.  Defendants deny the remaining allegations of the paragraph due to their ambiguity.

11.    Defendants admit paragraph 11.

12.    Answering paragraph 12, defendants admit that plaintiff has been invited to speak at various legal forums and that she has appeared and/or contributed to

various print and television media outlets, but deny the remaining allegations and inferences of the paragraph due to their ambiguity.

13. Defendants admit paragraph 13.

14. Defendants admit paragraph 14.

15. In answering paragraph 15, defendants admit the first sentence but deny the remaining allegations and inferences of the paragraph.

16. Answering paragraph 16, defendants admit that plaintiff was asked to teach, and that she voluntarily agreed to teach, 13 credit hours for the 2014-2015 academic year, which was the year prior to when she would have been qualified to apply for tenure. Defendants also admit that plaintiff inquired as to the availability of additional compensation, or a course release. Defendants deny the remaining allegations and inferences of the paragraph.

17. In answering paragraph 17, defendants admit that discussions were had between plaintiff and Dean Adams regarding compensation or a future course release. Defendants deny the remaining allegations and inferences of the paragraph.

18. Defendants deny paragraph 18.

19. Defendants deny paragraph 19.

20. Answering paragraph 20, defendants admit that discussions were had between plaintiff, Dean Adams and Associate Dean Richard Seamon regarding plaintiff's workload.  Defendants deny the remaining allegations and inferences of the paragraph.

21.     Defendants deny paragraph 21.

22.     Defendants deny paragraph 22.

23.     Defendants deny paragraph 23.

24.     Defendants deny paragraph 24.

25.     Defendants deny paragraph 25.

26.     In answering paragraph 26, defendants admit that a faculty retreat took place and leadership at the Moscow and Boise College of Law campuses was discussed. Defendants deny the remaining allegations contained in paragraph 26.

27.     Answering paragraph 27, defendants admit that on May 23, 2017, plaintiff sent an email to Dean Adams which stated; "I have given the matter some thought and am certainly interested in the Dean of Faculty Affairs position for 2018-19. If more than a one year commitment is necessary, I am willing to put off my sabbatical for another year. I look forward to discussing this matter further."  Defendants deny the remaining allegations and inferences of the paragraph.

28.     Answering paragraph 28, defendants deny that the email was sent on June 6, 2017, admit that the email included suggested objective qualifications, and admit that plaintiff met the suggested objective qualifications.  Defendants deny the remaining allegations and inferences of the paragraph.

29.     Defendants deny paragraph 29.

30.     Answering paragraph 30, defendants admit that the allegations of

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL            –5–

paragraph 30 contain a paraphrase of the statements made in the referenced email, but deny that they are verbatim quotes of what was stated in the email.

31.     In answering paragraph 31, defendants admit that plaintiff responded to the announcement regarding the Associate Dean position with an email stating: "Does this mean that all of the College of Law Deans will be male? That is a visual . . ."  Defendants deny the remaining allegations and inferences of paragraph 31.

32.     Answering paragraph 32, defendants admit that the allegations contained in the first two sentences of paragraph 32 paraphrase the referenced email. Defendants deny the remaining allegations and inferences of the paragraph.

33.     Defendants deny paragraph 33.

34.     Answering paragraph 34, defendants admit that the allegations of paragraph 34 contain a paraphrase of the statements made in the referenced document, but deny that they are verbatim quotes of what was stated.

35.     Answering paragraph 35, defendants admit that discussions were had between plaintiff, Dean Adams and Associate, Dean Lee Dillion, in the fall of 2017, regarding the Associate Dean position.  Defendants deny that the statements alleged are verbatim quotes of what was stated. Defendants also deny the remaining allegations contained in the third sentence of paragraph 35.

36.     Answering paragraph 36, defendants admit that in early 2018, a "climate review" was completed by the Human Resources Department of the University and several

people were interviewed, including plaintiff. Defendants lack sufficient information to admit or deny what statements plaintiff made during her interview and therefore deny them. Defendants deny the remaining allegations contained in paragraph 36.

37.     Answering paragraph 37, defendants admit that in February of 2018, the faculty of the College of Law voted in Stephen Miller as Associate Dean of Faculty for the following academic year, who was on sabbatical at the time. Defendants deny the remaining allegations and inferences of the paragraph 37.

38.     Defendants admit paragraph 38.

39.     Answering paragraph 39, defendants admit that the criteria listed were part of the criteria used to award summer stipends. Defendants deny that the criteria listed were the only applicable criteria.

40.     In answering paragraph 40, paragraph 40 refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 40 to the extent they deviate from the text of the document.

41.     In answering paragraph 41, defendants admit that an email was sent to faculty in May of 2018 identifying who has received the summer stipends. Ten stipends were granted, five of which went to men and five of which went to women. Defendants deny the remaining allegations and inferences of paragraph 41 due to their ambiguity.

42.     In answering paragraph 42, defendants admit that discussions were had via email between plaintiff and Dean Adams in May of 2018, regarding summer stipends.

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL            –7–

Defendants deny that the statements alleged are verbatim quotes of what was stated. Defendants deny the remaining allegations and inferences of paragraph 42.

43.     Defendants admit paragraph 43.

44.     Answering paragraph 44, the paragraph refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 44 to the extent they deviate from the text of the document.

45.     Answering paragraph 45, the paragraph refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 45 to the extent they deviate from the text of the document.

46.     Answering paragraph 46, the paragraph refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 46 to the extent they deviate from the text of the document.

47.     Answering paragraph 47, defendants admit that discussions were held during a faculty meeting on November 14, 2018, regarding the Executive Summary. Defendants deny that the statements alleged are verbatim quotes of what was stated.

48.      Answering paragraph 48, defendants admit that during the 2017 faculty retreat, the faculty was made aware that leadership was looking into hiring a consultant to address issues at the College of Law, including diversity issues.  Defendants deny the remaining allegations and inferences of the paragraph.

49.     Defendants deny paragraph 49.

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL                    –8–

50.     Answering paragraph 50, defendants admit that discussions between plaintiff and Interim Dean Long occurred during plaintiff's performance review in February of 2019.  Defendants deny that the statements alleged accurately and completely set forth what was stated during the performance review.

51.     Answering paragraph 51, defendants admit discussions between plaintiff and Interim Dean Long occurred during plaintiff's performance review in February of 2019 regarding course releases and that course releases would not be granted for 13 credit, four-course teaching packages in the future given that 13 credit teaching loads are common.  The paragraph refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 51 to the extent they deviate from the text of the document. Defendants deny the remaining allegations and inferences of the paragraph.

52.     Defendants admit paragraph 52.

53.     Answering paragraph 53, defendants incorporate and re-allege their responses to the referenced paragraphs.

54.     Defendants admit paragraph 54.

55.     Answering paragraph 55, defendants admit that all actions taken with respect to plaintiff's employment were under color of state law, but deny the remaining allegations and inferences of the paragraph.

56.     Defendants deny paragraph 56.

57.     Defendants deny paragraph 57.

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL              –9–

58.      Defendants deny paragraph 58.

59.      Defendants deny paragraph 59.

60.      Answering paragraph 60, defendants incorporate and re-allege their responses to the referenced paragraphs.

61.      Defendants admit paragraph 61.

62.      Answering paragraph 62, defendants admit that all actions taken with respect to plaintiff's employment were under color of state law, but deny the remaining allegations and inferences of the paragraph.

63.      Defendants deny paragraph 63.

64.      Defendants deny paragraph 64.

65.      Defendants deny paragraph 65.

66.      Defendants deny paragraph 66.

67.      Answering paragraph 67, defendants incorporate and re-allege their responses to the referenced paragraphs.

68.      Defendants admit paragraph 68.

69.      Answering paragraph 69, defendants admit that all actions taken with respect to plaintiff's employment were under color of state law, but deny the remaining allegations and inferences of the paragraph.

70.      Defendants deny paragraph 70.

71.      Defendants deny paragraph 71.

72.     Defendants deny paragraph 72.

73.     Defendants deny paragraph 73.

74.     Answering paragraph 74, defendants incorporate and re-allege their responses to the referenced paragraphs.

75.     Defendants admit paragraph 75.

76.     Answering paragraph 76, defendants admit that all actions taken with respect to plaintiff's employment were under color of state law, but deny the remaining allegations and inferences of the paragraph.

77.     Defendants deny paragraph 77.

78.     Defendants deny paragraph 78.

79.     Defendants deny paragraph 79.

80.     Defendants deny paragraph 80.

81.     Defendants deny paragraph 81.

82.     Defendants deny paragraph 82.

83.     Defendants deny paragraph 83.

84.     Defendants deny paragraph 84.

85.     Answering paragraph 85, defendants incorporate and re-allege their responses to the referenced paragraphs.

86.     Defendants admit paragraph 86.

87.     Answering paragraph 87, defendants admit that all actions taken with

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL               –11–

respect to plaintiff's employment were under color of state law, but deny the remaining allegations and inferences of the paragraph.

88.     Defendants deny paragraph 88.

89.     Defendants deny paragraph 89.

90.     Answering paragraph 90(a) – 90(d), defendants admit that records show that plaintiff had contact with the University Ombudsman in the fall of 2015; that in June of 2017, she sent an email in response to the announcement regarding the Associate Dean of Faculty; that in March of 2018, she was interviewed as part of a Human Resources Climate and Culture review; and in June of 2018, she filed a charge of discrimination with the EEOC. Defendants deny the remaining allegations and inferences of the paragraph.

91.     Defendants deny paragraph 91.

92.     Defendants deny paragraph 92.

93.     Defendants deny paragraph 93.

Defendants deny any allegations and potential allegations contained in or alleged in plaintiff's Request for Relief.

## AFFIRMATIVE DEFENSES

### I.

Plaintiff fails to state a claim in her Complaint against defendants upon which relief can be granted.

### II.

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL                    –12–

The alleged actions of the answering defendants do not rise to the level of deprivation of plaintiffs' constitutionally protected rights.

## III.

Defendants are not liable under 42 U.S.C. § 1983 for damages caused by the acts or omissions of others or for the acts of their employees or co-workers under the theory of *respondeat superior*.

## IV.

Defendants are entitled to 11th Amendment immunity from liability for monetary damages under plaintiff's 42 U.S.C. §§ 1981 and 1983 claims.

## V.

Defendants are not "persons" for purposes of plaintiff's 42 U.S.C. § 1983 claim.

## VI.

There is no private cause of action under 42 U.S.C. § 1981 separate and distinct from 42 U.S.C. § 1983.

## VII.

Some of plaintiff's claims are barred by the applicable statute of limitations.

## VIII.

The University of Idaho College of Law is not a separate and distinct legal entity capable of being sued.

## IX.

Further investigation and discovery may reveal that plaintiff has failed to mitigate her damages, if any.

DATED this 17th day of July 2019.

CLEMENTS, BROWN & McNICHOLS, P.A.

By:   /s/
BENTLEY G. STROMBERG
Attorneys for Defendants University
of Idaho and Mark Adams

DEMAND FOR TRIAL BY JURY

Defendants demand a trial of all of the issues of this case by a jury.

DATED this 17th day of July 2019.

CLEMENTS, BROWN & McNICHOLS, P.A.

By:   /s/
BENTLEY G. STROMBERG
Attorneys for Defendants University
of Idaho and Mark Adams

DEFENDANTS' ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL                  –14–

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 17th day of July 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

        Erika Birch
        T. Guy Hallam, Jr.
        Lourdes Matsumoto
        Strinberg & Scholnick, LLC
        1516 W. Hays Street
        Boise, Idaho 83702
        erika@idahojobjustice.com
        guy@idahojobjustice.com
        Lourdes@idahojobjustice.com

                                    /s/_____
                                Bentley G. Stromberg