ERIKA BIRCH (Bar No.7831)
T. GUY HALLAM, JR. (Bar No. 6101)
**STRINDBERG & SCHOLNICK, LLC**
1516 W. HAYS STREET
BOISE, ID 83702
(t) 208.336.1788
(f) 208.344.7980
erika@idahojobjustice.com
guy@idahojobjustice.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **SHAAKIRRAH R. SANDERS,**<br><br>         Plaintiff,<br><br>vs.<br><br>**THE UNIVERSITY OF IDAHO, COLLEGE OF LAW, a public university governed by the STATE BOARD OF EDUCATION, et al.**<br><br>         Defendants. | **RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTION TO REQUEST FOR RECUSAL**<br><br>Civil No. 3:19-CV-00225-BLW<br>Judge Winmill |

     Plaintiff, by and through her counsel, and pursuant to Docket No. 67, files this *Response to Defendants' Motion to Strike Plaintiff's Objection to the Request for Recusal*.

     Defendants have described the Court's communication disclosing a social media connection to Defendant Jerrold Long[1] as permitting a "no expressed cause opportunity" for "automatic recusal" to be exercised anonymously by either party. *See* Dkt. # 66, p. 2. Plaintiff

---

[1] As set forth in her *Objection to Request for Recusal*, the parties were notified of the Court's other connections to the College of Law at the outset of the case and had an opportunity to raise concerns if they believed that those connections required the Court to consider recusal. Neither party did so.

**1 | RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTION TO REQUEST FOR RECUSAL**

disagrees that this was the Court's intent. Plaintiff does not believe that the Court was inviting a no-cause, forced recusal that lacked justification. Specifically, Plaintiff doubts that the Court's intent was to allow a party to trigger a strategic, no-cause recusal on the eve of the scheduled oral argument on the parties' summary judgment motions. Instead, Plaintiff interpreted the Court's communication as one of expressing sensitivity to the appearance of possible bias, which under the circumstances disclosed, would no doubt be a bias favoring Defendants. Thus, although the Court devised a way for a recusal request to be made anonymously, Plaintiff does not believe that process excuses Defendants' action in strategically forcing recusal, particularly when such recusal contravenes the duties of the parties in Federal Rule of Civil Procedure 1.  Indeed, this Court has recognized that 28 U.S.C. § 455 "is not to be used as a forum shopping statute." *United States v. Holm*, 2005 WL 8166133 * 1 (D. Idaho Sept. 8, 2005), *citing United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994).

It should not be overlooked that Defendants did not raise any grounds in which the Court's impartiality can "reasonably be questioned" in their Motion to Strike. *See* Cannon 3(C)(1); 28 U.S.C. § 455(a).  Plaintiff did not request recusal and wishes to prevent any unnecessary delay in this case, particularly because she still works at the College of Law and continues to suffer adverse actions. Thus, bringing this case to a final determination as quickly as possible is in the best interest of both parties.

Given the above, Plaintiff believes her Objection to Defendants' recusal request was justified (if not required) in seeking a "just, speedy and inexpensive" determination in her case, notwithstanding the Court's anonymous process. The Objection was also justified (if not required) by the professional responsibilities of her counsel. Indeed, the preamble of Idaho's Rules of Professional Conduct states that: as an "officer of the legal system," lawyers have a "special

responsibility of the quality of justice;"[2] "should use the law's procedures only for legitimate purposes;"[3] and, must "zealously protect and pursue a client's legitimate interests . . . as an officer of the court." *Id.* at [9].  Plaintiff therefore respectfully requests that the Court decline to enter sanctions against Plaintiff and deny *Defendants' Motion to Strike her Objection to Request for Recusal.* Plaintiff further requests that the Court consider the substance of her Objection, decline recusal as unnecessary, and reschedule the summary judgment hearing at its earliest convenience.

DATED this 26[h] day of March, 2021.

                                                **STRINDBERG & SCHOLNICK, LLC**

                                                /s/ Erika Birch
                                                Erika Birch
                                                Guy Hallam
                                                Attorneys for Plaintiff

---

[2] Idaho Rules of Professional Conduct, Preamble at [1].
[3] *Id.* at [5].

3 | RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTION TO REQUEST FOR RECUSAL

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date a true and correct copy of the foregoing pleading was served on the following via the CM/ECF system:

Bentley G. Stromberg
Tully Fitzmaurice
Sonyalee R. Nutsch
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
bstromberg@clbrmc.com
snutsch@clbrmc.com
tfitzmaurice@clbrmc.com

          /s/ Dunja Subasic
          Dunja Subasic, of the firm