Bentley G. Stromberg ISB No. 3737
Sonyalee R. Nutsch ISB No. 6189
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
bstromberg@clbrmc.com
snutsch@clbrmc.com
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)

    Attorneys for Defendants University
    of Idaho, Mark Adams and Jerrold Long

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS, ) | |
| ) | Case No: 3:19-CV-00225-BLW |
| Plaintiff, ) | |
| ) | DEFENDANTS' REPLY IN SUPPORT |
| ) | OF MOTION TO STRIKE |
| vs. ) | PLAINTIFF'S OBJECTION TO |
| ) | REQUEST FOR RECUSAL |
| THE UNIVERSITY OF IDAHO, a ) | |
| public university governed by the ) | |
| BOARD OF REGENTS OF THE ) | |
| UNIVERSITY OF IDAHO aka the ) | |
| STATE BOARD OF EDUCATION, ) | |
| an executive department of the STATE ) | |
| OF IDAHO, and MARK ADAMS, ) | |
| former Dean of the College of Law, in ) | |
| his official and individual capacity, ) | |
| and JERROLD LONG, interim Dean, ) | |
| in his official capacity ) | |
| ) | |
| Defendants. ) | |

    Defendants submit this Reply in Support of Defendants' Motion to Strike Plaintiff's Objection to Request For Recusal.

It is a "fundamental proposition" of law that "orders of the court 'must be obeyed until reversed by orderly review or disrobed of authority by delay or frustration in the appellate process …'" Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1208 (11th Cir. 1985) (quoting United States v. Dickinson, 465 F.2d 496, 509 (5th Cir. 1972)). "Parties and counsel alike are bound by this admonition." Id. This duty is also imposed by the Idaho Rules of Professional Conduct 3.4(c), which prohibits attorneys from "knowingly disobey[ing] an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists." Idaho Rules of Professional Conduct 3.4(c). If a court order appears to be incorrect, the proper course of action lies in review:

> If the order is believed to be incorrect, the remedy is generally is to seek a change in the order – usually by a motion to quash- and, if this is denied, then to appeal and, absent a stay, promptly to comply with the order

In re Grand Jury Proceedings, 601 F.2d 162, 168-69 (5th Cir. 1979) (Citation omitted).

Here Plaintiff's action in filing her Objection to Request for Recusal directly disobeyed this Court's order. In an attempt to justify her Objection, Plaintiff claims that the subject motion was warranted, if not required, to stop Defendants from "strategically forcing recusal" and in furtherance of counsel's zealous advocacy. Those claims are meritless and completely unsupported by the record. Moreover, Plaintiff fails to justify why she did not initially follow the Court's order or take alternative measures to challenging this Court's order instead of disregarding its mandates.

Plaintiff's interpretations of this Court's order and communication are indefensible. On one hand, Plaintiff acknowledges that the order required anonymity, but on the other Plaintiff contends that it did not allow a no-cause recusal. Plaintiff's acceptance of the aspect of anonymity to the exclusion of the aspect of a single party, no cause recusal is contrary to the

plain language of the Court's order and incorporated communication. (See Dec of Counsel, Ex. A, (Dkt. 69)). The interpretation is illogical and unworkable.  How could this Court have maintained the requisite confidentiality of a party's request, while judging expressed cause? It could not. The Court clearly communicated via the email and Order that it was removing itself from the decision of recusal and was leaving the decision to any party.  This is explicitly evidenced by the fact the parties were required to submit their intentions to a person removed from the Court's chambers. In doing so the Court allowed for any party to request recusal without providing cause. The Order also did not request objections, cause, or explanation. Again, how would the Court have judged any objection, cause or explanation given its removal and walling off?

Plaintiff's factual assertions regarding Defendants' intentions are merely conjecture entirely unsupported by anything in the record, and they should be disregarded.  It is Plaintiff's Objection to Request for Recusal that flies directly in the face of the Court's order, and not Defendants' request. Plaintiff's disobedience to the Court's order should not be allowed, and accordingly, her Objection to Request for Recusal should be stricken from the record.

DATED this 2nd day of April 2021.

                                   CLEMENTS, BROWN & McNICHOLS, P.A.

                      By:          /s/
                             BENTLEY G. STROMBERG
                             Attorneys for Defendants University
                             of Idaho, Mark Adams and Jerrold Long

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of April 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Erika Birch
>T. Guy Hallam, Jr.
>Strindberg & Scholnick, LLC
>1516 W. Hays Street
>Boise, Idaho 83702
>erika@idahojobjustice.com
>guy@idahojobjustice.com

/s/
Bentley G. Stromberg