UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF IDAHO, et al.,<br><br>Defendants. | Case No. 3:19-cv-00225-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

In this action, Plaintiff brings claims of discrimination and retaliation in violation of federal and state law against Defendants, University of Idaho (UI), Mark Adams, and Jerrold Long. Before the Court is the issue of whether it should recuse itself from this action. For the reasons discussed below, the Court declines to recuse itself based on the information in the record at this time. The Court will, however, grant the parties leave to file, within 14 days, a request that the undersigned recuse himself under 28 U.S.C. § 455.[1] If either party files such a motion, the Court will review the request immediately and either (1) grant the

---

[1] This does not foreclose a party from filing a motion under 28 U.S.C. § 144.

MEMORANDUM DECISION AND ORDER - 1

request and recuse himself or (2) deny the request and reset oral argument on the pending cross-motions for summary judgment and motion to amend.

## BACKGROUND

Plaintiff was hired by UI as a professor in the College of Law in June 2011. She filed this action on June 17, 2019. The original complaint alleged claims only against two Defendants: UI and Mark Adams, the former Dean of the College of Law. (Dkt. 1.) The case was randomly assigned to the undersigned as the presiding District Judge.

On August 22, 2019, a telephonic scheduling conference was held between counsel and one of the undersigned's staff attorneys. During that conference, the staff attorney disclosed to counsel the undersigned's connection to the College of Law including that, in the past, both the undersigned and the undersigned's staff attorneys taught complex litigation classes at the College of Law. The staff attorney also disclosed to counsel that the undersigned has met and knows defendant Adams, former Dean at the College of Law. The staff attorney relayed to counsel that none of these connections had led the undersigned to believe that recusal was warranted. Finally, the staff attorney asked counsel to confer with their clients and reach out to her if either party had concerns about having the undersigned continue to preside over the matter. Neither party raised any concerns and, accordingly, the case proceeded with the undersigned as the presiding judge.

On November 27, 2019, Plaintiff moved to amend the complaint (Dkt. 16), and Defendants filed a notice of non-opposition to the motion (Dkt. 17). The Court granted the motion to amend based on the facts that Defendants did not oppose the proposed amendment, that the motion to amend was well within the deadline set by the scheduling order, and that there was no indication of bad faith, undue delay, or prejudice to Defendants. (Dkt. 18.) No further analysis or discussion of the proposed amendment was made beyond this high-level review of the unopposed motion. The amended complaint was filed on December 23, 2019 (Dkt. 19). Through this amendment, Jerrold Long was added to the action as a defendant in his official capacity as the then Acting Dean of the College of Law.[2]

On November 13, 2020, Plaintiff filed a motion seeking leave to amend the complaint to add Defendant Long as a defendant in his individual capacity (Dkt. 30). On December 14, 2020, before the motion to amend was ripe, the parties filed cross motions for summary judgment (Dkts. 36, 40). A hearing on the cross motions for summary judgment and the motion to amend was set for March 17, 2021.

---

[2] On June 4, 2020, Plaintiff filed a second motion to amend (Dkt. 23), which was again unopposed by Defendants (Dkt. 24) and was summarily granted by the Court (Dkt. 25).

In preparing for the March 17, 2021, hearing, the undersigned first became aware that Jerrod Long had been added to this action as a defendant. The undersigned therefore immediately disclosed to the parties, through an email sent to counsel by one of his staff attorneys, that there was a connection between the undersigned and Defendant Long that had not been previously disclosed to the parties. That email stated as follows:

> I have asked Sheryl Musgrove, the staff attorney working on this case with me, to contact you about a concern I have with my continued involvement with this case.
>
> I was vaguely aware of this case shortly after it was filed, but I have not had the occasion to review the claims in detail until I began preparing for tomorrow's summary judgment hearing. My understanding, prior to my review of the briefing for tomorrow's hearing, was that the claims were against the Law School and Dean Adams. Although I have had some connection with the law school in past years, I did not feel that any of them required my recusal. However, now I understand that Acting Dean Long is a defendant and is the focus of at least the IPPEA claims. That raises another issue which I feel obligated to bring to your attention.
>
> First, let me detail my connections to the law school. They are threefold: (1) I have been a close friend of former Dean Burnett for many, many years and practiced law with him in Pocatello for approximately 3 years; (2) at Dean Burnett's request, I taught a Complex Civil Litigation class at the law school as adjunct faculty for 7 or 8 years, but have not done so for the last 3 years; and (3) I have routinely hired law clerks and staff attorneys who are U of I grads. If Dean Burnett was a named defendant, I would have immediately recused myself, but I felt that my connection with Dean Adams was quite minimal and would not have justified recusal. Likewise, I am no longer teaching as adjunct faculty and I have had very little interaction with Professor

MEMORANDUM DECISION AND ORDER - 4

Sanders and had heard nothing of the facts of this case until I started reading the briefs.

Frankly, my connection with Acting Dean Long is not significantly greater than my connection with Dean Adams. We have met on 3 or 4 occasions in public gatherings, we have never socialized together, and I have had no discussions with him about this case or really anything else to do with the Law School. However, a number of years ago Acting Dean Long and I became "friends" on Facebook. I don't recall who initiated the contact, but it does not matter. Although to my knowledge Acting Dean Long has never posted anything on Facebook that related directly to the law school and restricted his comments to activities involving his family, I am afraid that although there is no real conflict, the mere fact of being "friends" on Facebook raises the appearance of possible bias that requires that I consider recusing myself from the case. On the other hand, you may feel completely comfortable with my continuing to handle this case.

I would ask you to confer with your clients tonight or tomorrow morning to determine whether they would prefer that I recuse myself from the case. I only request this hurried response to avoid having to vacate tomorrow's hearing. On the other hand, if you feel you need more time to discuss this with your clients, please notify Ms. Musgrove and she will arrange to vacate the hearing.

In responding to this request – whether it is done tomorrow morning or later – I would ask you to follow Ms. Musgrove's directions. I do not want any party or attorney to feel that they are being put on the spot, so I have asked her to devise a process in which you can respond anonymously and without my knowledge of how you responded. I am suggesting that we follow the same process we use in consenting to a Magistrate Judge presiding over your case, so that you will respond to the Clerk's office and if either party has requested recusal, they will have the case reassigned to Chief Judge Nye or a visiting judge without my further involvement or knowledge.

I apologize for this late notification, but I feel that maintaining confidence in our judicial system requires that all parties be

completely comfortable with the impartiality of the judge presiding over their case.

(Email to counsel from Sheryl Musgrove dated 3/16/2021, 4:31 pm.)

The following Docket Entry Order was entered setting forth the procedure the parties were to follow to request recusal:

> DOCKET ENTRY ORDER: Pursuant to the information provided to counsel in an email from court staff on 3/16/2021, the parties are directed to email Kelly Montgomery, Operations Manager in the Clerk's Office, at kelly_montgomery@id.uscourts.gov with their notice that they either (1) consent to having Judge Winmill continue to preside over this case or (2) request that he be recused from the case. Receipt of the notices will be noted on the docket but the docket notation will not indicate the party filing the notice. Hard copies of the notices will be maintained in the Clerk's Office. Signed by Judge B. Lynn Winmill. (slm)

(Dkt. 61.)

Following the entry of this order, the staff attorney sent the following email to counsel:

> As a follow up to my previous email, the following docket entry order just issued. The process described in the order is intended to allow you to request recusal and to have such request remain anonymous as to Judge Winmill and chambers staff. If you need additional time to make a decision, please let me know at your earliest convenience. We intentionally did not put a deadline in the docket entry order at this time to provide some flexibility, given the lateness of the notice. However, please either email your notice to Kelly Montgomery, or let me know that you need additional time, by 11:00 a.m. Boise time tomorrow, 3/17/2021.

(Email to counsel from Sheryl Musgrove dated 3/16/2021, 5:21 pm.)

MEMORANDUM DECISION AND ORDER - 6

On March 16, 2021, approximately one hour after the Court issued the above Docket Entry Order, the Court received a request for recusal (Dkt. 62). The following morning of March 17, 2021, Plaintiff filed an objection to the request for recusal (Dkt. 63). In response to the request for recusal and objection thereto, the Court vacated the March 17, 2021, hearing and took the request for recusal under advisement. Later in the day on March 17, 2021, Defendants filed a motion to strike Plaintiff's objection to the request for recusal (Dkt. 66).

To ensure that the parties had a full opportunity to set forth their respective positions regarding recusal, the Court granted the parties leave to file response and reply briefs (Dkt. 67). That briefing is now complete and the request for recusal (Dkt. 62), the objection to the request for recusal (Dkt. 63), and the motion to strike (Dkt. 66) are before the Court for decision.

## LEGAL STANDARD FOR RECUSAL

Under 28 U.S.C. § 455, a judge, on their own initiative, must disqualify themself "in any proceeding in which [their] impartiality might reasonably be questioned" or where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). However, a judge also "has 'as strong a duty to sit when there is no legitimate reason to recuse as [they do] to recuse when the law and facts require.' " *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175,

1179 (9th Cir. 2005).

## DISCUSSION

### A. General Practice of the Court in Previous Cases

During the undersigned's decades of being a judge, I have used the following general procedure to handle situations where I was assigned to a case and felt that I had a connection with a party or an attorney that did not require my recusal under § 455 but might cause some discomfort for the parties in the case. That procedure involved the disclosure to counsel at the earliest possible date—typically during the initial scheduling conference—of any unusual connection I had with a party or an attorney on the case. Counsel were then requested to confer with their clients and inform the Court if the disclosed connection between me and a party or attorney raised a concern. I have generally suggested that I would be receptive to recusing myself if any party raised a serious concern. Further, in using this procedure, I have always proceeded on the assumption that a party would raise a concern and request recusal only if there was a good faith basis for doing so.

### B. Procedure in this Case

In the present case, as detailed above, I used my general procedure. The staff attorney that handled the telephonic scheduling conference disclosed to counsel the somewhat attenuated connections that I have had with the College of Law and with defendant Adams, the former Dean of the College of Law. At the time of the

scheduling conference, Jerrold Long was not named in this action and thus my connection with him was not raised or discussed with counsel.

After the scheduling conference, Plaintiff moved to amend the complaint to add Jerrold Long as a defendant because he had become the Acting Dean of the College of Law after the former Dean, defendant Adams, stepped down. Because the motion was unopposed by Defendants, was well within the deadlines set forth in the Court's scheduling order, and there was no appearance of bad faith, undue delay, or prejudice, the motion to amend was summarily granted. I did not consider the specific changes that were being made through the unopposed amendment.

In preparing for the March 17, 2021, hearing on the cross motions for summary judgment and motion to amend, I learned for the first time that Jerrold Long had been added as a defendant in this action. I immediately disclosed my Facebook "Friend" status with Defendant Long. I then, in essence, restarted my general procedure and gave the parties a chance to request my recusal. Because of the strange way in which the issue arose, and the fact that it occurred on the eve of the hearing, I indicated that I would consider recusing myself if either party informed me that they felt my Facebook "Friend" status with Defendant Long required recusal. I also explained that I did not want any party or attorney to feel that they were being put on the spot, and that the Court was thus devising a process

to allow the parties to file an anonymous request for recusal. I further indicated that if either party requested recusal, the case would be reassigned. I assumed, as I did in previous cases in which I have used this general procedure, that a request for recusal would be made only in good faith.

Here, clearly, I was concerned that Plaintiff might be worried about the Facebook "Friend" connection between myself and Defendant Long and thought that, if she was concerned, this process would provide her an opportunity to request, anonymously, that I recuse myself. It never occurred to me that Defendants might request recusal for at least two reasons. First, Defendants were aware of my Facebook "Friends" status with Defendant Long for many months before I disclosed the information to counsel on March 16, 2021. Second, there has been virtually no communication between me and Defendant Long through our Facebook "Friends" status and Long's posts on Facebook that I have observed have related exclusively to his outdoor activities and activities with his children.

After the request for recusal was filed, Plaintiff filed her objection to the request and brought to my attention legal issues that I had not previously considered in using my general procedure—that a party has the right to not have a judge recuse himself or herself unless there are legitimate reasons for doing so. *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d at 1179 ("[A]

judge has 'as strong a duty to sit when there is no legitimate reason to recuse as [they do] to recuse when the law and facts require.' "). This obligation to not recuse unless there is a legitimate reason for doing so is of even greater magnitude here due to the timing of the request. Specifically, summary judgment briefs have been filed which may have focused on counsel's assessment of how the presiding judge might best be persuaded to their point of view. While that may seem irrelevant, the hard reality is that attorneys often consider such factors in fashioning their legal arguments. Indeed, there are services available that attempt to provide information to counsel on a judge's track record on certain legal issues so that the attorneys can appropriately focus their argument for the specific judge that will be deciding the issue.

Plaintiff's argument presented in her objection to the request for recusal has persuaded me that my past procedure, and the procedure I followed in this case, was in error and the result of a misguided effort to be what I considered "fair" to the parties. Inadvertently, in the past, I have given parties a free recusal, which simultaneously deprives the other side of their right to have their case heard by a judge who was randomly assigned to the case and who does not have a conflict of interest that requires recusal under § 455.

In light of the foregoing, moving forward, I will use the following procedure

in all civil cases: Early in the case, I will seek to identify and disclose to counsel any potential conflicts that I believe should be brought to counsel's attention but that I do believe require my recusal under § 455. Counsel will then be given fourteen (14) days to file a request for recusal under § 455 setting forth a good faith basis for the request. If a request for recusal is filed, I will address the request prior to proceeding with the case.

Turning to the present case, the parties have been provided with ample opportunity to set forth their various positions regarding the request for recusal, the objection to recusal, and the motion to strike. There is nothing in the briefing provided by the parties that convinces me that I should recuse myself from this case, and the request for recusal will thus be denied. The motion to strike the objection will also be denied. Although I did intend the recusal process to be anonymous, as explained above, my underlying assumption in using this process was that it would be Plaintiff that would be seeking recusal. Further, Plaintiff's objection brought to the Court's attention the issues caused by the procedure that I have used in previous cases and that I used here.

Finally, while I do not perceive any reason why Defendants would feel that recusal is necessary because of my Facebook "Friends" status with Defendant Long, I assume that Defendants had a good faith basis for requesting recusal. The

MEMORANDUM DECISION AND ORDER - 12

information provided by Defendants to date has not, however, set forth any basis warranting recusal. The request for recusal will accordingly be denied.

Out of an abundance of caution, I will follow my new protocol and provide Defendants[3] with the opportunity to file a renewed request for recusal, within 14 days, if they feel that there is a good faith basis for doing so under § 455. If they file such a request, I will immediately review it and either recuse myself, or deny the request and reset oral argument on the cross-motions for summary judgment and motion to amend. If no such request is filed within 14 days, I will immediately reset oral argument.

## ORDER

**IT IS ORDERED that:**

1. Defendants' request for recusal (Dkt. 62) is **DENIED** without prejudice.

2. Defendant's Motion to Strike (Dkt. 66) is **DENIED**.

3. The parties are granted leave to file a request for recusal within 14 days of the date this order is entered and shall include in any such request a good faith basis for why they believe recusal is required under 28 U.S.C. § 455.

---

[3] Plaintiff may also file a request for recusal under § 455.

**MEMORANDUM DECISION AND ORDER - 13**

DATED: April 19, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 14**