Bentley G. Stromberg ISB No. 3737
Sonyalee R. Nutsch ISB No. 6189
Tully P. FitzMaurice ISB No. 10649
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
bstromberg@clbrmc.com
snutsch@clbrmc.com
tfitzmaurice@clbrmc.com
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)

Attorneys for Defendants University
of Idaho, Mark Adams and Jerrold Long

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SHAAKIRRAH R. SANDERS, | ) | |
| | ) | Case No: 3:19-CV-00225-BLW |
| Plaintiff, | ) | |
| | ) | DEFENDANTS' ANSWER TO |
| vs. | ) | THIRD AMENDED COMPLAINT |
| | ) | AND DEMAND FOR JURY TRIAL |
| THE UNIVERSITY OF IDAHO, a | ) | |
| public university governed by the | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF IDAHO aka the | ) | |
| STATE BOARD OF EDUCATION, | ) | |
| an executive department of the STATE | ) | |
| OF IDAHO, and MARK ADAMS, | ) | |
| former Dean of the College of Law, in | ) | |
| his official and individual capacity, | ) | |
| and JERROLD LONG, interim Dean, | ) | |
| in his official capacity and individual | ) | |
| capacity | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL           - 1 -

REGENTS OF THE UNIVERSITY OF IDAHO ("University of Idaho"), MARK ADAMS, and JERROLD LONG ("defendants"), by and through their attorneys of record, Bentley G. Stromberg, Sonyalee R. Nutsch, and Tully P. FitzMaurice of Clements, Brown & McNichols, P.A., answer plaintiff's Third Amended Complaint and Jury Demand ("Third Amended Complaint") as follows:

Defendants deny each and every allegation of plaintiff's Third Amended Complaint not herein expressly and specifically admitted. Defendants further reserve the right to amend this or any other answer or denial stated herein once they have had the opportunity to complete discovery regarding any of the claims and allegations contained in plaintiff's Amended Complaint.

Additionally, the sole control of the University of Idaho is vested in the Constitutionally created Board of Regents of the University of Idaho. *See* Idaho Constitution Article IX, Section 10 (incorporating by reference the January 30, 1889 act of the territorial legislature creating and establishing the University of Idaho, which designates the "Regents of the University of Idaho" as the body corporate). While the Idaho State Board of Education and the Board of Regents share members, they are legally distinct, constituting separate legal entities.

Defendants deny that Jerrold Long is an "Interim Dean" as identified in the first, non-numbered paragraph of plaintiff's Third Amended Complaint. Defendants admit that Jerrold Long was the past Term Dean of the College of Law, leaving that position in May, 2021 when Johanna Kalb became the current Dean of the College of Law.

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL          - 2 -

1.      Answering paragraph 1, defendants admit that plaintiff is a black female law professor who has brought claims in her Third Amended Complaint under the United States code sections, Idaho State code sections, and provisions of the University of Idaho cited in the paragraph. Defendants deny the remaining allegations and inferences of paragraph 1.

2.      Answering paragraph 2, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief.

3.      Defendants admit paragraph 3.

4.      Answering paragraph 4, defendants admit that the University of Idaho is an educational institution which receives funding from the federal government, and the Board of Regents is a constitutional corporation pursuant to Title IX Section 10 of the Idaho State Constitution and the laws of the State of Idaho, but denies the remaining allegations and inferences of the paragraph.

5.      Answering paragraph 5, defendants admit that Mark Adams served as the Dean of the College of Law for the approximate dates noted and that he has been sued in his official and individual capacity, but deny the remaining allegations and inferences of the paragraph due to their ambiguity.

6.      Answering paragraph 6, defendants deny that Jerrold Long is an "Interim Dean." Defendants admit that Jerrold Long was the Term Dean of the College of Law until May 2021, and he has been sued in his official capacity and individual capacity, but deny the remaining allegations and inferences of the paragraph due to their ambiguity.

7.     Defendants admit paragraph 7.

8.     Answering paragraph 8, defendants admit that venue is proper with this Court, but deny the remaining allegations and inferences of the paragraph due to their ambiguity.

9.     Defendants admit paragraph 9.

10.    Defendants admit paragraph 10.

11.    Answering paragraph 11, defendants admit the first sentence, admit that plaintiff earned tenure in 2016, and admit that plaintiff achieved the rank of full professor in 2018. Defendants deny the remaining allegations of the paragraph due to their ambiguity.

12.    Defendants admit paragraph 12.

13.    Answering paragraph 13, defendants admit that plaintiff has been invited to speak at various legal forums and that she has appeared and/or contributed to various print and television media outlets, but deny the remaining allegations and inferences of the paragraph due to their ambiguity.

14.    Defendants admit paragraph 14.

15.    Defendants admit paragraph 15.

16.    Answering paragraph 16, defendants admit the first sentence but deny the remaining allegations and inferences of the paragraph.

17.    Answering paragraph 17, defendants admit that plaintiff was asked to teach, and that she voluntarily agreed to teach, 13 credit hours for the 2014-2015 academic

year, which was the year prior to when she would have been qualified to apply for tenure. Defendants also admit that plaintiff inquired as to the availability of additional compensation, or a course release. Defendants deny the remaining allegations and inferences of the paragraph.

18.     Answering paragraph 18, defendants admit that discussions were had between plaintiff and Dean Adams regarding compensation or a future course release. Defendants deny the remaining allegations and inferences of the paragraph.

19.     Defendants deny paragraph 19.

20.     Defendants deny paragraph 20.

21.     Answering paragraph 21, defendants admit that discussions were had between plaintiff, Dean Adams and Associate Dean Richard Seamon regarding plaintiff's workload. Defendants deny the remaining allegations and inferences of the paragraph.

22.     Defendants deny paragraph 22.

23.     Defendants deny paragraph 23.

24.     Defendants deny paragraph 24.

25.     Answering paragraph 25, defendants admit that Dean Adams emailed plaintiff the quoted statement, and deny that the statement was intended to chastise plaintiff. Defendants further deny the remaining allegations and inferences contained in paragraph 25.

26.     Defendants deny paragraph 26.

27.     Answering paragraph 27, defendants admit that a faculty retreat took

place and leadership at the Moscow and Boise College of Law campuses was discussed. Defendants deny the remaining allegations contained in paragraph 27.

28.     Answering paragraph 28, defendants admit that on May 23, 2017, plaintiff sent an email to Dean Adams which stated; "I have given the matter some thought and am certainly interested in the Dean of Faculty Affairs position for 2018-19. If more than a one-year commitment is necessary, I am willing to put off my sabbatical for another year. I look forward to discussing this matter further." Defendants deny the remaining allegations and inferences of the paragraph.

29.     Answering paragraph 29, defendants admit that the email was sent on June 7, 2017, admit that the email included suggested objective qualifications, and admit that plaintiff met the suggested objective qualifications. Defendants deny the remaining allegations and inferences of the paragraph.

30.     Defendants deny paragraph 30.

31.     Answering paragraph 31, defendants admit that the allegations of paragraph 31 contain a paraphrase of the statements made in the referenced email, but deny that they are verbatim quotes of what was stated in the email.

32.     Answering paragraph 32, defendants admit that plaintiff responded to the announcement regarding the Associate Dean position with an email stating: "Does this mean that all of the College of Law Deans will be male? That is a visual. . ." Defendants deny the remaining allegations and inferences of paragraph 32.

33.     Answering paragraph 33, defendants admit that the allegations

contained in the first two sentences of paragraph 33 paraphrase the referenced email. Defendants deny the remaining allegations and inferences of the paragraph.

34.     Defendants deny paragraph 34.

35.     Answering paragraph 35, defendants admit that the allegations of paragraph 35 contain a paraphrase of the statements made in the referenced document, but deny that they are verbatim quotes of what was stated.

36.     Answering paragraph 36, defendants admit that discussions were had between plaintiff, Dean Adams, and Associate Dean Lee Dillion, in the fall of 2017, regarding the Associate Dean position. Defendants deny that the statements alleged are verbatim quotes of what was stated. Defendants also deny the remaining allegations contained in the third sentence of paragraph 36.

37.     Answering paragraph 37, defendants admit that in early 2018, a "climate review" was completed by the Human Resources Department of the University and several people were interviewed, including plaintiff. Defendants lack sufficient information to admit or deny what statements plaintiff made during her interview and therefore deny them. Defendants deny the remaining allegations contained in paragraph 37.

38.     Answering paragraph 38, defendants admit that in February of 2018, with advice and consent of the College of Law faculty. Dean Adams appointed Stephen Miller as Associate Dean of Faculty for the following academic year, who was on sabbatical at the time. Defendants deny the remaining allegations and inferences of the

paragraph 38.

39.    Defendants admit paragraph 39.

40.    Answering paragraph 40, defendants admit that the criteria listed were part of the criteria used to award summer stipends. Defendants deny that the criteria listed were the only applicable criteria.

41.    Answering paragraph 41, paragraph 41 refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 41 to the extent they deviate from the text of the document.

42.    Answering paragraph 42, defendants admit that an email was sent to faculty in May of 2018 identifying who has received the summer stipends. Ten stipends were granted, five of which went to men and five of which went to women. Defendants deny the remaining allegations and inferences of paragraph 42 due to their ambiguity.

43.    Answering paragraph 43, defendants admit that discussions were had via email between plaintiff and Dean Adams in May of 2018, regarding summer stipends. Defendants deny that the statements alleged are verbatim quotes of what was stated. Defendants deny the remaining allegations and inferences of paragraph 43.

44.    Defendants admit paragraph 44.

45.    Answering paragraph 45, the paragraph refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 45 to the extent they deviate from the text of the document.

46.    Answering paragraph 46, the paragraph refers to the contents of a

document which speaks for itself. Defendants deny the allegations of paragraph 46 to the extent they deviate from the text of the document.

47.     Answering paragraph 47, the paragraph refers to the contents of a document which speaks for itself. Defendants deny the allegations of paragraph 47 to the extent they deviate from the text of the document. In addition, defendants deny the Jerrold Long is an "Interim Dean." Defendants admit that Jerrold Long was the Term Dean of the College of Law until May 2021.

48.     Answering paragraph 48, defendants admit that discussions were held during a faculty meeting on November 14, 2018, regarding the Executive Summary. Defendants deny that the statements alleged are verbatim quotes of what was stated.

49.     Answering paragraph 49, defendants admit that during the 2017 faculty retreat, the faculty was made aware that leadership was looking into hiring a consultant to address issues at the College of Law, including diversity issues. Defendants deny the remaining allegations and inferences of the paragraph.

50.     Defendants deny paragraph 50.

51.     Answering paragraph 51, defendants deny that Jerrold Long is an "Interim Dean." Defendants admit that Jerrold Long was the Term Dean of the College of Law until May 2021. Defendants admit that discussions between plaintiff and Dean Long occurred during plaintiff's performance review in February of 2019. Defendants deny that the statements alleged accurately and completely set forth what was stated during the performance review.

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL          - 9 -

52.     Answering paragraph 52, defendants deny that Jerrold Long is an "Interim Dean." Defendants admit that Jerrold Long was the Term Dean of the College of Law until May 2021. Defendants admit discussions between plaintiff and Dean Long occurred during plaintiff's performance review in February of 2019 regarding course releases and that course releases would not be granted for 13 credit, four-course teaching packages in the future given that 13 credit teaching loads are common. The paragraph refers to the contents of document which speaks for itself. Defendants deny the allegations of paragraph 52 to the extent they deviate from the text of the document. Defendants deny the remaining allegations and inferences of the paragraph.

53.     Answering paragraph 53, defendants deny that Jerrold Long is an "Interim Dean." Defendants admit that Jerrold Long was the Term Dean of the College of Law until May 2021. Defendants admit the remaining allegations contained in paragraph 53.

54.     Answering paragraph 54, defendants admit that in the fall of 2019, several student-based concerns were brought to the Law School's attention. Defendants deny the remaining allegations and inferences of the paragraph due to their ambiguity.

55.     Answering paragraph 55, defendants admit that during the fall of 2019 and specifically on October 7, 2019, discussions occurred between faculty and staff. These discussions concerned the student-based complaints and how-to best address said concerns while respecting and honoring Constitutional Rights.

56.     Answering paragraph 56, defendants admit that former U.S. Secretary

of Interior Ken Salazar spoke at the Bellwood lecture in October of 2019. Defendants admit that the former Secretary Salazar answered questions from the audience, one of which related to population control as a potential solution for climate change.

57.     Answering paragraph 57, defendants admit that discussions occurred amongst faculty, staff, and students, regarding the question posed at the Bellwood lecture. These discussions concerned the question posed, student-based complaints, and how-to best address the situation while respecting and honoring Constitutional Rights. Defendants lack specific knowledge to admit or deny the remaining allegations and therefore deny them.

58.     Answering paragraph 58. Defendants admit the paragraph quotes emails sent by College of Law staff and faculty. Defendants deny that the quotes are complete and accurate portals of the full emails.

59.     Answering paragraph 59, the paragraph quotes contents of a document which speaks for itself. Defendants deny the allegations to the extent they deviate from the document. Additionally, defendants deny that the quotes are complete and accurate portals of the full email.

60.     Answering paragraph 60, defendants admit that on October 24, 2019 at approximately 11:52 a.m., Dean Long sent the first of two emails to all faculty, staff, and students regarding the Bellwood Lecture. Admit the quoted language was contained in the referenced email, but deny that the quote accurately and completely portrays a document that speaks for itself. Defendants admit the referenced email did not address the

issue of the question posed by the student, as that issue was address in a longer and more detailed email sent later in the day of October 24, 2019.

61.     Answering paragraph 59, the paragraph quotes contents of a document which speaks for itself. Defendants deny the allegations to the extent they deviate from the document.  Additionally, defendants deny that the quotes are complete and accurate portals of the full email.

62.     Answering paragraph 62, the paragraph quotes contents of a document which speaks for itself. Defendants deny the allegations to the extent they deviate from the document. Additionally, defendants deny that the quotes are complete and accurate portals of the full email.

63.     Answer paragraph 63, defendants admit the paragraph contains quoted language from an email shared with faculty by plaintiff. Defendants lack sufficient information to admit or deny the remaining allegations and inferences of the paragraph and therefore deny them.

64.     Answering paragraph 64, the paragraph make reference to and quote a document which speaks for itself. Defendants deny the allegations to the extent that they deviate from the document.

65.     Answering paragraph 65, defendants admit College of Law faculty continued to discuss the issues related to the Bellwood Lecture and as a result the College of Law held a forum dedicated to discussing the implications of speech and genocide. Defendants admit plaintiff moderated an open forum and admit that the Office of Civil

Rights and Investigation were invited to the forum. Further, defendants deny all remaining allegations and inferences of this paragraph.

66.     Answering paragraph 66, defendants admit that an open forum took place on November 14, 2019. Admit that Dean Long and others were in attendance. Defendants lack sufficient information to admit or deny the basis or classification of student raised concerns and therefore deny them.

67.     Answering paragraph 67, defendants admit that plaintiff informed President Green of reported negative experiences of law students. Admit that on January 9, 2019, President Green emailed the College of Law Faculty concerning an internal review of the College of Law culture and climate. Defendants lack sufficient information, due to plaintiff's non-responsiveness to OCRI, to admit or deny the use of racial slurs in a classroom, and therefore deny them.

68.     Defendants admit paragraph 68.

69.     Answering paragraph 69, defendants admit that the referenced meeting was recorded. Defendants lack specific knowledge to admit or deny the remaining allegations and inferences and therefore deny them.

70.     Answering paragraph 70, defendants lack specific knowledge to admit or deny if the recording of the January 23, 2020 open forum was discussed with plaintiff and therefore deny them. Deny the second sentence. Further defendants lack specific knowledge to admit or deny the remaining two sentences and therefore deny them.

71.     Defendants admit paragraph 71.

72.     Answering paragraph 72, defendants admit that in Dean Long's response to plaintiff, he did not specifically answer the questions posed by plaintiff.

73.     Defendants admit paragraph 73.

74.     Defendants admit paragraph 74.

75.     Defendants admit paragraph 75.

76.     Defendants admit paragraph 76.

77.     Answering paragraph 77, defendants admit that on January 31, 2020 Dean Long sent plaintiff an email previewing the issues that he wished to discuss at plaintiff's upcoming performance review. Issues were provided in advance of the meeting, to give plaintiff notice and an opportunity to response. Defendants admit that the cited language was contained in the January 31, 2020 email, but deny it portrays a complete and accurate representation of a document that speaks for itself.

78.     Answering paragraph 78, defendants admit that on February 3, 2020 and February 6, 2020, plaintiff responded to Dean Long's January 31, 2020 email. Defendants deny the remaining allegations and inferences due to their ambiguity.

79.     Answering paragraph 79, defendants admit that Dean Long postponed the February 6, 2020 performance review meeting, to allow for time to adequately prepare to discuss plaintiff's concerns raised in her February 6, 2020 email.

80.     Answering paragraph 80, defendants admit that plaintiff's performance meeting occurred on February 25, 2020. Defendants deny due to ambiguity, that remarks made by Dean Long during the performance review were troubling.

Defendants answer sub-paragraphs 80 (a)-(c) as follows:

    a.    Defendants admit that discussions occurred regarding the working relationship Dean Long and plaintiff.

    b.    Defendants admit that discussions occurred regarding Dean Long's authority to make reasonable requests of what topics should be covered in a required bar preparation class.

    c.    Defendants deny that Dean Long expressed he was upset or disappointed with plaintiff's report concerning the recording of the public forum to OCRI, the Provost, and the President. Defendants deny Dean Long expressed his preference that the recording of the public forum be kept between Dean Long and plaintiff, as he had previously informed all staff, faculty and students that he had recorded the public forum. Defendants admit that plaintiff expressed her opinion regarding the recording of the public forum. Defendants deny that Dean Long indicated the he had discretion to record meetings at his will.

    81.    Answering paragraph 81, defendants admit the paragraph paraphrases and quotes a document that speaks for itself. Defendants deny allegations to the extent they deviate from the document. Additionally, defendants deny that the quotes are complete and accurate portals of the full document.

    82.    Answering paragraph 82, defendants admit that Dean Long's

evaluation of plaintiff's teaching was guided by her failure to comply with a reasonable request of the Dean of the College of Law. Defendants deny that Dean Long solely relied on plaintiff's failure, to incorporate the subject of First Amendment in the Constitutional Law II course, in deciding plaintiff's rating. Further, defendants deny all remaining allegations and inferences of the paragraph.

83.     Answering paragraph 83, defendants admit that on March 3, 2020 plaintiff submitted a rebuttal to her 2019 evaluation. Defendants deny all remaining allegations and inferences of the paragraph due to their ambiguity.

84.     Answering paragraph 84, defendants admit that plaintiff did not receive a response to her submitted rebuttal, as no response was required. Defendants admit that plaintiff was informed that she would not be receiving a response by an Associate Dean, but deny that it occurred on May 11, 2020 due to contradictions in the Third Amend Complaint.

85.     Defendants admit paragraph 85.

86.     Answering paragraph 86, defendants incorporate and re-allege their responses to the referenced paragraphs.

87.     Defendants admit paragraph 87.

88.     Answering paragraph 88, defendants admit that all actions taken with respect to plaintiff's employment were under the color of state law, but deny the remaining allegations and inferences of the paragraph.

89.     Defendants deny paragraph 89.

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL          - 16 -

90.     Defendants deny paragraph 90.

91.     Defendants deny paragraph 91.

92.     Answering paragraph 92, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief.

93.     Answering paragraph 93, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further, defendants deny the remaining allegations and inferences of the paragraph.

94.     Answering paragraph 94, defendants incorporate and re-allege their responses to the referenced paragraphs.

95.      Defendants admit paragraph 95.

96.     Answering paragraph 96, defendants admit that all actions taken with respect to plaintiff's employment were under the color of state law, but deny the remaining allegations and inferences of the paragraph.

97.     Defendants deny paragraph 97.

98.     Defendants deny paragraph 98.

99.     Defendants deny paragraph 99.

100.    Defendants deny paragraph 100.

101.    Answering paragraph 101, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief.

102.    Answering paragraph 102, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further,

defendants deny the remaining allegations and inferences of the paragraph.

103.   Answering paragraph 103, defendants incorporate and re-allege their responses to the referenced paragraphs.

104.   Defendants admit paragraph 104.

105.   Answering paragraph 105, defendants admit that all actions taken with respect to plaintiff's employment were under the color of state law, but deny the remaining allegations and inferences of the paragraph.

106.   Defendants deny paragraph 106.

107.   Defendants deny paragraph 107.

108.   Defendants deny paragraph 108.

109.   Defendants deny paragraph 109.

110.   Answering paragraph 110, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief.

111.   Answering paragraph 111, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further, defendants deny the remaining allegations of the paragraph.

112.   Answering paragraph 112, defendants incorporate and re-allege their responses to the referenced paragraphs.

113.   Defendants admit paragraph 113.

114.   Answering paragraph 114, defendants admit that all actions taken with respect to plaintiff's employment were under the color of state law, but deny the

remaining allegations and inferences of the paragraph.

115.   Defendants deny paragraph 115.

116.   Defendants deny paragraph 116.

117.   Defendants deny paragraph 117.

118.   Defendants deny paragraph 118.

119.   Defendants deny paragraph 119

120.   Defendants deny paragraph 120.

121.   Defendants deny paragraph 121.

122.   Defendants deny paragraph 122.

123.   Answering paragraph 123, defendants admit that plaintiff is seeking
the relief specified in the paragraph, but deny that plaintiff is entitled to that relief.

124.   Answering paragraph 124, defendants admit that plaintiff is seeking
the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further
defendants deny the remaining allegations and inferences of the paragraph.

125.   Answering paragraph 125, defendants incorporate and re-allege their
responses to the referenced paragraphs.

126.   Defendants admit paragraph 126.

127.   Answering paragraph 127, defendants admit that all actions taken
with respect to plaintiff's employment were under the color of state law, but deny the
remaining allegations and inferences of the paragraph.

128.   Defendants deny paragraph 128.

129.    Defendants deny paragraph 129.

130    Answering paragraph 130(a)-130(d), defendants admit that records show that plaintiff had contact with the University of Ombudsman in the fall of 2015; that in June of 2017, she sent an email response to the announcement regarding the Associate Dean of Faculty; that in March of 2018, she was interviewed as part of a Human Resources Climate and Culture review; and in June of 2018, she filed a charge of discrimination with the EEOC. Defendants deny the remaining allegations and inferences of the paragraph

131.    Defendants deny paragraph 131.

132.    Defendants deny paragraph 132.

133.    Answering paragraph 133, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further, defendants deny the remaining allegations and inferences of the paragraph.

134.    Answering paragraph 134, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further, defendants deny the remaining allegations of the paragraph.

135.    Answering paragraph 135, defendants incorporate and re-allege their responses to the referenced paragraphs.

136.    Answering paragraph 136, defendants deny that plaintiff communicated a suspected law violation in her communications to Dean Long regarding the recording of the public open forum.

137.    This paragraph sets forth legal conclusions and questions of law to

which no response is required. If a response is required, defendants deny paragraph 137.

138.    This paragraph sets forth legal conclusions and questions of law to which no response is required. If a response is required, defendants deny paragraph 138.

139.    Answering paragraph 139, defendants admit that plaintiff had email discussions with Dean Long and other administrators at the College of law. Defendants deny that plaintiff communicated a violation of law to Dean Long or other University administration. Defendants lack specific knowledge to admit or deny the remaining allegations and inferences and therefore deny the remaining allegations and inferences.

140.    Answering paragraph 140, defendants admit that Dean Long emailed plaintiff on January 31, 2020, to give plaintiff notice of issue to be discussed at plaintiff's 2019 performance review and deny that the January 31, 2020 email called plaintiff out for protected communications. Defendants admit that on February 25, 2020, Dean Long conducted a performance review with plaintiff and deny that Dean Long chastised plaintiff for reporting the recording of the public open forum or that Dean Long informed plaintiff that he had discretion to record meetings at will.

141.    Answering paragraph 141, Defendants admit that in plaintiff's 2019 Performance Evaluation, received on February 26, 2020, plaintiff was rated as not meeting performance expectations overall and in specific categories. Defendants admit that plaintiff also submitted a rebuttal to this evaluation on March 4, 2020 and admit that plaintiff was informed that she would not receive a response. Further, defendants deny all remaining allegations and inferences of the paragraph.

142.   Defendants deny paragraph 142.

143.   Defendants deny paragraph 143.

144.   Answering paragraph 144, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further, defendants deny the remaining allegations and inferences of the paragraph.

145.   Answering paragraph 145, defendants incorporate and re-allege their responses to the referenced paragraphs.

146.   Answering paragraph 146, defendants admit that the paragraph paraphrases sections of the Constitution of the University Faculty, but deny that it is a verbatim quote.

147.   Answering paragraph 147, defendants admit that the paragraph paraphrases sections of the Constitution of the University Faculty, but deny that it is a verbatim quote.

148.   Answering paragraph 148(a)-148(e), defendants admit that the paragraph paraphrases or quotes sections of the College of Law Amended and Restated Bylaws, Procedures and Rules, but deny they are full and complete verbatim quotes.

149.   Defendants admit paragraph 149.

150.   Answering paragraph 150, defendants admit that in 2011, the College of Law Faculty, upon request of the University of Idaho Registrar, modified the course description for Constitutional Law II. Defendants lack specific knowledge upon which to admit or deny the remaining allegations and inferences and therefore deny them.

151.   Answering paragraph 151, defendants admit that plaintiff gained approval to add a course titled Freedom of Speech and the Press. Defendants lack specific knowledge upon which to admit or deny the remaining allegations and inferences and therefore deny them.

152.   Answering paragraph 152, defendants admit that plaintiff gained approval to change the Freedom of Speech and Press course to one titled a First Amendment Seminar. Defendants lack specific knowledge upon which to admit or deny the remaining allegations and inferences and therefore deny them.

153.   Defendants deny paragraph 153.

154.   Defendants admit paragraph 154

155.   Answering paragraph 155, defendants admit that during plaintiff's 2018 performance evaluation, Dean Long discussed his request for plaintiff to incorporate First Amendment subject matter into the Constitutional Law II class, again. Additionally, this request had been asked of plaintiff by the previous administration at the College of Law. Defendants admit that plaintiff raised several questions concerning the implications of incorporating First Amendment subject matter. Further, Defendants deny all remaining allegations and inferences due to ambiguity.

156.   Answering paragraph 156, defendants deny that the issue of incorporation of First Amendment subject matter in Constitutional Law II was not discussed prior to August 26, 2019. Defendants admit that plaintiff raised concerns regarding the incorporation of First Amendment subject matter, but deny the remaining

allegations of the sentence due to their ambiguity. Defendants admit the remaining sentence of this paragraph.

157.    Defendants admit paragraph 157.

158.    Defendants deny paragraph 158.

159.    Answering paragraph 159, defendants admit that during plaintiff's performance review meeting on February 25, 2020, Dean Long informed plaintiff that in his position of Dean he had discretion to make reasonable requests of what materials are covered in a course, in order to further the directives of the College of Law. Defendants admit that plaintiff's refusal to include the topic of First Amendment in the Constitutional Law II course was one of many factors resulting in the performance rating plaintiff received. Further, defendants deny all other allegations or references in this paragraph.

160.    Defendants deny paragraph 160.

161.    Answering paragraph 161, defendants admit that plaintiff is seeking the relief specified in the paragraph, but deny that plaintiff is entitled to that relief. Further, defendants deny the remaining allegations and inferences of the paragraph.


Defendants deny any allegation and potential allegations contained in or alleged in plaintiff's Request for Relief.

## AFFIRMATIVE DEFENSES

## I.

Plaintiff fails to state a claim in her Complaint against defendants upon which

relief can be granted.

## II.

The alleged actions of the answering defendants do not rise to the level of deprivation of plaintiff's constitutionally protected rights.

## III.

Defendants are not liable under 42 U.S.C. § 1983 for damages caused by the acts or omissions of others or for the acts of their employees or co-co-workers under the theory of *respondeat superior*.

## IV.

Defendants are entitled to 11th Amendment immunity from liability for plaintiff's 42 U.S.C. §§ 1981 and 1983 claims, plaintiff's IPPEA claim, and Academic Freedom Claim.

## V.

Defendants, other than defendants Mark Adams and Jerrold Long in their individual capacities, are not "persons" for the purposes of plaintiff's 42 U.S.C. § 1983 claim.

## VI.

There is no private cause of action under 42 U.S.C. § 1981 separate and distinct from 42 U.S.C. § 1983.

## VII.

Some of plaintiff's claims are barred by the applicable statute of limitations.

## VIII.

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL          - 25 -

Defendants Mark Adams and Jerrold Long are entitled to qualified immunity from plaintiff's federal claims brought against them in their individual capacities pursuant to 42 U.S.C. § 1983.

## IX.

Further investigation and discovery may reveal that plaintiff has failed to mitigate her damages, if any.

DATED this 24th day of August 2021.

CLEMENTS, BROWN & McNICHOLS, P.A.

By:   /s/
BENTLEY G. STROMBERG
Attorneys for Defendants University
of Idaho, Mark Adams and Jerrold Long

## DEMAND FOR TRIAL BY JURY

Defendants demand a trial of all of the issues of this case by a jury.

DATED this 24th day of August 2021.

CLEMENTS, BROWN & McNICHOLS, P.A.

By:   /s/
BENTLEY G. STROMBERG
Attorneys for Defendants University
of Idaho, Mark Adams and Jerrold Long

<u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that on the 24th day of August 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

   Erika Birch
   T. Guy Hallam, Jr.
   Lourdes Matsumoto
   Strinberg & Scholnick, LLC
   1516 W. Hays Street
   Boise, Idaho 83702
   erika@idahojobjustice.com
   guy@idahojobjustice.com
   Lourdes@idahojobjustice.com

           /s/         
          Bentley G. Stromberg

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL   - 27 -