UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF IDAHO, COLLEGE OF LAW, a Public University Governed by the State Board of Education, et al.,<br><br>Defendants. | CASE NO. 3:19-CV-00225-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Plaintiff Shaakirah R. Sanders' motions for clarification and to supplement the record and for leave to file a fourth amended complaint (Dkts. 81 and 89). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, Sanders' motions will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d). For the reasons discussed below, the Court finds the 300-day window applies to Sanders' Title VII claim and further grants Sanders' motion for leave to file a fourth amended complaint.

**Memorandum Decision and Order - 1**

ANALYSIS

1. **Motion to Supplement the Record**

On August 3, 2021, the Court issued its decision granting in part and denying in part Defendants' motion for summary judgment. *Memorandum Decision and Order*, Dkt. 79. In that decision, the Court ruled on the timeliness of Sanders' EEOC Complaint and found that the 180-day window applies to Sanders' Title VII disparate treatment claims rather than the longer 300-day period, which applies when the claimant first files with the appropriate state agency. The Court also stated it may be willing to reconsider its decision on this issue if Sanders presented evidence showing she originally instituted proceedings with a state agency.

Sanders now seeks to supplement the record with a cover letter that accompanied her charge filed with the Equal Employment Opportunity Commission. This letter explains she was "filing with the EEOC as opposed to the Idaho Human Rights Commission based on the fact that the IHRC is also a State Agency such that their investigation of another State Agency poses a potential conflict or appearance of the same." *June 26, 2018 Letter*, Ex. A, Dkt. 81-1. The cover letter further states, "Professor Sanders also files charges pursuant to the Idaho Human Rights Act." *Id.*

Arguing this shows she initially filed her charge with the appropriate state

**Memorandum Decision and Order - 2**

agency, Sanders asks the Court to reconsider its decision applying the 180-day limitations period rather than the longer 300-day period. Defendants respond that this letter does not show Sanders first filed with the appropriate state agency but instead explains why she did not. Therefore, Defendants argue, the Court's previous ruling should stand. The Court agrees this letter fails to prove Sanders first filed her charge with the IHRC; however, it does not agree its previous ruling should stand.

In addition to the cover letter, Sanders presents evidence of a workshare agreement between the EEOC and IHRC. The agreement designates the EEOC as an agent of IHRC for the purpose of receiving charges and expressly states the EEOC's receipt of charges automatically institutes proceedings with the IHRC. *Worksharing Agreement,* pp. 2-3 at IIA, Dkt. 88-1. The workshare agreement also contains a waiver of Title VII's 60-day deferral period. *Id.*

"In states that have their own Fair Employment Practice Agencies and workshare agreements with the Equal Opportunity Employment Commission ("EEOC"), a claim filed with the state agency or with the EEOC within 300 days can still be considered timely filed with the other." *Howe v. Washoe Cty. Sheriff's Off.*, 807 F. App'x 683, 684 (9th Cir. 2020) (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 814–17 (1980). Indeed, "it is well-settled law that a charge filed with the EEOC is 'constructively filed' with the state agency…" when the workshare

**Memorandum Decision and Order - 3**

agreement states that each agency will serve as the agent of the other for the purpose of receiving charges. *Peterson v. State of Cal. Dep't of Corr. & Rehab.*, 319 F. App'x 679, 680 (9th Cir. 2009) (citing *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 112–113 (1988)). As evidenced by the EEOC and IHRC's workshare agreement, Idaho is one such state.

Sanders therefore did not, as this Court previously stated, need to first file her charge with the IHRC "to receive Title VII's more generous 300-day deadline; the 'extension period is triggered regardless of whether the complaint was first received by the EEOC or the state.'" *Howe*, 807 F. App'x at 684 (quoting *Bouman v. Block*, 940 F.2d 1211, 1220 (9th Cir. 1991). Further, because the IHRC waived Title VII's 60-day deferral period, the entire 300-day window applies. As Sanders has demonstrated that the longer 300-day period, rather than the 180-day period, applies to her Title VII claims, any discrete acts that occurred on or after August 30, 2017 are timely preserved.

2. **Motion to Amend**

This is Sander's fourth motion to amend her complaint. Sanders filed her initial complaint in this action in June 2019, against UI and Mark Adams in his official capacity as the form Dean of the UI College of Law. (Dkt. 1). Sander's first amended complaint added Jerrold Long as a defendant in his official capacity as the Acting Dean of the College of Law. Sanders has since filed two additional

**Memorandum Decision and Order - 4**

amended complaints: the second amended complaint added new factual allegations and claims based on events that occurred after the pleading amendment deadline; the third amended complaint added individual capacity claims against Defendant Long.

Defendants did not oppose Sanders' first two motions to amend but opposed the third, arguing undue delay and prejudice. The Court disagreed and granted Sander's third motion for leave to amend as part of its decision granting in part and denying in part Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment. (Dkt. 79). Specifically, the Court found that good cause existed for allowing the proposed amendment, any prejudice resulting from the amendment would be minimal, and that the amendment would not be futile. With respect to any prejudice Defendants might suffer, the Court noted that the amendment would not require additional discovery and that Defendants could seek leave to file a second motion for summary judgment aimed specifically at the individual capacity claims against Long.

Sanders now seeks to amend her complaint a fourth time, seeking to add factual allegations relating to additional acts that she maintains "are part and parcel of the continuing pattern of discrimination/retaliation against [her] and are similar to the actions of discrimination/retaliation already part of this action." *Pl's Opening Br.*, p. 2, Dkt. 87-1. All of the events or acts Sanders seeks to add

**Memorandum Decision and Order - 5**

occurred after the close of discovery and after the parties fully briefed their respective dispositive motions. Sanders further seeks a limited re-opening of discovery related solely to the new allegations if the Court allows the amendment, as well as an expedited briefing schedule for dispositive motions.

Defendants oppose Sanders' motion for leave to amend, arguing lack of good cause, undue delay, prejudice, and futility to the extent the new allegations relate to Sanders' Title VII claims.

### A.     Legal Standard

The deadline for amending the pleadings has passed. Thus, the motion to amend is governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule 16(b), which require a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Id.* at 608. A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, *1 (D. Idaho June 8, 2005). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citing *Engleson v. Burlington N. R.R.*, 972 F.2d 1038, 1043 (9th Cir. 1992)).

**Memorandum Decision and Order - 6**

When determining whether to grant a motion to amend outside the deadline imposed in the scheduling order, a court may also consider "the existence or degree of prejudice to the party opposing the modification." *Id*. However, the court's inquiry should focus "upon the moving party's reasons for seeking modification." *Id.* If the party moving to amend "was not diligent, the inquiry should end." *Id.*

But, if there is good cause to modify the case schedule, the "court should freely give leave [to amend pleadings before trial] when justice so requires." Fed.R.Civ.P. 15(a)(2). The United States Supreme Court, in interpreting Rule 15(a), has set forth the standard to be applied by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held, however, that courts should not afford equal weight to the factors identified in *Foman*: "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "The most important factor is whether amendment would prejudice the opposing party." *Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, No.

**Memorandum Decision and Order - 7**

4:13-CV-00106-EJL-CW, 2015 WL 759003, at *2 (D. Idaho Feb. 23, 2015) (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

    **B.**    *Federal Rule of Civil Procedure 16(b).*

As an initial matter, the Court finds Sanders has demonstrated that good cause exists for allowing the proposed amendment outside the Court-imposed deadline for amending the pleadings. As noted, each of the allegedly discriminatory or retaliatory acts occurred after the close of discovery and after the parties fully briefed their respective dispositive motions. It is therefore clear no amount of diligence would have permitted Sanders to discover these additional facts prior to the amendment deadline. "[T]his is a textbook example of 'good cause.'" *Gambrel v. Twin Falls Cty.*, No. CIV. 1:12-369 WBS, 2014 WL 1612677, at *1 (D. Idaho Apr. 22, 2014) (citing *Mays v. Stoble*, Civ. No. 3:08–552 EJL CWD, 2010 WL 5110083, at *5 (D. Idaho Dec. 7, 2010) ("If a party does not learn of information necessary to amend its complaint until after the scheduling order deadline, no amount of diligence would allow the party to seek amendment before the expiration of the deadline.").

The Court further agrees that Sanders made a reasonable decision to conserve the resources of the parties and the judiciary by waiting for a ruling on summary judgment and her prior motion to amend before asking Defendants to stipulate to adding the recent events to her complaint. Once the Court ruled on the

**Memorandum Decision and Order - 8**

pending motion to amend and motions for summary judgment on August 3, 2021, within two weeks, Sanders asked Defendants to agree to allow Sanders to file her fourth amended complaint "in lieu of filing a new and separate lawsuit." Thus, Sanders has shown "good cause" from a diligence standpoint to modify the scheduling order.

Having surmounted the diligence hurdle, Sanders must also clear the prejudice hurdle. The Court may also consider "the existence or degree of prejudice to the party opposing the modification." *Johnson*, 975 F.2d at 609. This issue of prejudice to Defendants presents a closer question. In allowing Sanders to file her third amended complaint, the Court noted that Defendants failed to demonstrate they would suffer prejudice as a result of the proposed amendment because it was not a case in which a plaintiff was seeking to add new factual allegations that would require additional discovery. *Memorandum Decision and Order*, p. 6, Dkt. 79. In seeking this most recent proposed amendment, however, Sanders specifically requests the Court re-open discovery on a limited basis. "Prejudice may be found where the proposed amendment requires additional discovery or necessitates an additional round of briefing." *Cryer v. Idaho Dep't of Lab.*, No. 1:16-CV-00526-BLW, 2018 WL 3636529, at *3 (D. Idaho July 30, 2018). Under such circumstances, this Court has denied a plaintiff's motion to amend. *Id.*

**Memorandum Decision and Order - 9**

But if the Court denies Sanders' request to amend her complaint, she could simply file a new lawsuit and seek to consolidate it with this one – and Defendants would face more than just a limited re-opening of discovery. Such an outcome would run afoul of Federal Rule of Civil Procedure 1, which mandates the court and the parties "secure the just, speedy, and inexpensive determination of every action and proceeding." It would also likely result in more prejudice to Defendants – not less. *See, e.g., Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, No. 4:13-CV-00106-EJL-CW, 2015 WL 759003, at *4 (D. Idaho Feb. 23, 2015) (finding denying motion to amend would "have opposite effect" because it "would likely invite not only a second lawsuit…but also litigation over consolidation of the two actions"). Weighing all the factors at issue here, the Court finds good cause exists to modify the scheduling order.

### C.     Federal Rule of Civil Procedure 15(a).

The Court also finds Sanders' proposed amendment appropriate under the liberal standards of Rule 15(a). Absent prejudice, or a strong showing of the any of the other factors articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962), such as undue delay, bad faith or futility of amendment, courts should freely give leave to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Defendants present no evidence of undue delay or bad faith, or any of the other *Foman* factors, and they

**Memorandum Decision and Order - 10**

essentially concede any futility argument to the extent Sanders' new factual allegations relate to her claims under Sections 1981 and 1983, Title IX.

Nor is the Court persuaded by Defendants' argument that the new allegations "present a jurisdictional problem" with respect to Sanders' claims under Title VII. *Defs' Resp. Br.*, p. 6, Dkt. 89. Defendants rely on an outdated case to argue that Sanders must first file a timely charge based on the new allegations before the Court acquires subject-matter jurisdiction over the Title VII claims. *Id.* (citing *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002)). The Supreme Court, however, has recently held that the charge-filing requirement "is not of jurisdictional cast." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850 (2019). Thus, Sanders' proposed amendments are not futile because the Court lacks jurisdiction. *Id.*

Sanders is not quite out of the woods yet, however. Although not jurisdictional, the exhaustion requirement remains mandatory unless the party asserting the rule forfeits its objection by waiting too long to raise the point. *Davis*, 139 S. Ct. at 1850. Defendants have not waited too long to raise their objection. Thus, to the extent Sanders alleges the new allegations evidence discrete acts of discrimination or retaliation, she must show she exhausted her administrative remedies as to each alleged act. *National Railroad Passenger Corp. v. Morgan*,

**Memorandum Decision and Order - 11**

536 U.S. 101, 114 (2002).[1]

The record demonstrates that Sanders has satisfied the exhaustion requirement. *See Exs. A and B to Sanders' Mots. to Supplement*, Dkt Nos. 92-1 & 93-1. Since filing her motion to amend, Sanders has produced the notices of dismissal and right to sue issued by the EEOC and IHRC for the charges she timely filed with those agencies encompassing the new allegations. These right-to-sue notices were issued not long after Sanders filed this motion to amend her complaint.

That Sanders filed her motion for leave to amend before the notices of right to sue were issued "does not defeat administrative exhaustion." *Filiatrault v. Monsanto Co.*, No. 4:19-CV-00302-CWD, 2020 WL 2430935, at *4 (D. Idaho May 12, 2020). "A Title VII claimant may file an action prior to receiving her right to sue letter, provided there is no evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing." *Id.* (quoting *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n. 1 (9th Cir. 1990) (internal quotation marks omitted).

---

[1] Sanders argues that a line of authority recognizing a limited exception to the exhaustion requirement under Title VII for claims that are "like or reasonably related" to the allegations in the EEOC charge should apply here even after the Supreme Court's decision in *Morgan*. Given that Sanders had shown she exhausted her administrative remedies, the Court need not address this issue.

**Memorandum Decision and Order - 12**

Defendants present no evidence here that they were prejudiced by Sanders' obtaining the right-to-sue notices after seeking leave to amend. She has therefore cured any failure to obtain a right-to-sue letter prior to her seeking leave to amend. *Id.* Sanders' motion for leave to amend will therefore be granted in its entirety.

### D. *Deadlines for Discovery and Dispositive Motions*

The Court, however, agrees that the discovery and briefing schedule Sanders has proposed is not workable – and will prejudice Defendants unless modified. The parties held an informal mediation with the Court's clerk to discuss various discovery issues and a proposed briefing schedule for any additional dispositive motion relating to the individual capacity claims against Defendant Long. The parties agreed that any additional dispositive motions would be filed within 21 days after the Court's ruling on this motion to amend. The parties, however, did not reach an agreement on the continuation of the discovery or deadlines in the event discovery was reopened.

Sanders now requests that the Court order Defendants to produce any evidence supporting its defenses to the new allegations within five business days of the Court's ruling and, if either party believes additional discrete discovery is necessary, that the Court re-open discovery related solely to these new allegations, including submitting up to five interrogatories, five requests for production, and conducting up to five hours of depositions. Sanders further asks that the Court

**Memorandum Decision and Order - 13**

order the additional discovery be completed before Defendants file their dispositive motion on the individual capacity claims against Defendant Long and the new allegations within 21-days of the Court's ruling on this motion to amend.

Three weeks to exchange written discovery, conduct depositions, and draft a dispositive motion is simply not enough time. Thus, to mitigate any prejudice to Defendants in allowing the proposed amendment and reopening discovery on a limited basis at this late juncture, the Court will order that the following procedures be followed: (1) the parties shall exchange disclosure materials to the added facts within one week of the Court's order; (2) the parties shall conduct any necessary discovery related to the new allegations not to exceed five interrogatories, five requests for production, and three hours of depositions within 30 days after the Court's Order; and (3) the parties shall file any dispositive motions regarding the new allegations, and including any dispositive motion regarding Defendant Long's individual capacity, within 45 days after the Court's Order.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for Clarification & to Supplement the Record (Dkt. 81) is **GRANTED**.

2. Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Dkt. 87) is **GRANTED**. Plaintiff is directed to file her Fourth Amended Complaint

**Memorandum Decision and Order - 14**

*within seven days of entry of this Order*. The Court will further re-open discovery and allow for the filing of additional dispositive motions as follows:

a. The parties shall exchange disclosure materials related to the new allegations *within seven days of entry of this Order*;

b. The parties shall conduct any necessary discovery related to the new allegations not to exceed five (5) interrogatories, five (5) requests for production, and three (3) hours of depositions *within 30 days of entry of this Order*;

c. The parties shall file any dispositive motions regarding the new allegations and including any dispositive motion regarding claims against Defendant Long in his individual capacity, *within 45 days of entry of this Order.*

DATED: November 9, 2021

B. Lynn Winmill
U.S. District Court Judge

**Memorandum Decision and Order - 15**