UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF IDAHO, COLLEGE OF LAW, a public university governed by the STATE BOARD OF EDUCATION, et al.,<br><br>Defendant. | Case No. 3:19-CV-00225-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Change Venue to the Southern Division (Dkt. 86). In the interest of avoiding delay and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve this motion without a hearing. Having carefully reviewed the record, the Court denies Sander's motion.

## BACKGROUND

Plaintiff Shaakirrah R. Sanders filed her initial complaint in this action in June 2019, against the University of Idaho College of Law and Mark Adams in his official capacity as the former Dean of the UI College of Law. (Dkt. 1). Since

MEMORANDUM DECISION AND ORDER - 1

filing her original complaint, Sanders has added Jerrold Long as a defendant in his official capacity as the Acting Dean of the College of Law and in his individual capacity. Although UI's College of Law maintains campuses both in Moscow and in Boise, UI's base of operations is located in Moscow. Defendants Mark Adams and Jerrold Long work at the Moscow campus, and both live in or around Moscow. Sanders lives in Ada County, and has worked at the Boise campus since 2014.

When Sanders filed her original complaint, she attempted to select the Southern Division as the place of venue. *Birch Decl.*, Dkt. 86-2 at ¶ 2. Shortly after filing the Complaint, the Clerk reassigned the case to the Central Division pursuant to Local Rule 3.1, which provides that the Clerk will assign the case to one of the four divisions upon the filing of the complaint unless otherwise ordered by the presiding judge. Dist. Idaho Loc. Civ. R. 3.1. The parties have litigated matter in the Central Division for more than two and half years since the initial reassignment.

Sanders nonetheless contends that venue is proper in the Southern Division because this is the forum she chose, and the conduct giving rise to her claims occurred while she worked at the Boise campus, located in the Southern Division. In addition, she argues if the case were to remain in the Central Division, the case would be tried in the Coeur d' Alene, "which would require all parties and their counsel to travel, significantly increasing the time and costs accrued in this matter

MEMORANDUM DECISION AND ORDER - 2

on both sides." *Pl's Mot. to Change Venue*, Dkt. 86-1 at 6-7 (emphasis in original). Also, according to Sanders, "[m]any witnesses in this case are former employees who have since moved out of state," and Sanders maintains it will be easier for these witnesses to fly into Boise rather than Spokane and have to drive 40 miles to Coeur d' Alene. Defendants oppose the motion, arguing the Central Division is the proper venue for this case, as the "lion's share of the witnesses that are likely (if not certain) to testify at trial here." *Defs. Resp. Br.*, Dkt. 91 at 7.

## ANALYSIS

The District of Idaho comprises four divisions: Northern, Central, Southern, and Eastern. Dist. Idaho Loc. Civ. R. 3.1. Each of these four divisions cover certain counties. *Id.* Ada County, where Boise is located, lies in the Southern Division while Latah County, where Moscow is located, lies in the Central Division. *Id.* The Local Rules do not provide a procedure for filing a case within a particular division. Instead, as noted, the Clerk of Court assigns cases to the appropriate division upon the filing of the Complaint. *Lafky Properties, LLC v. Glob. Credit Union*, No. 1:19-CV-00413-DCN, 2020 WL 1627332, at *1 (D. Idaho Apr. 2, 2020) (citing Dist. Idaho Loc. Civ. R. 3.1). It is the policy of the Court that the Clerk assign a case to the division where the defendants reside. The Clerk of the Court determines "county residency" based on the addresses provided by the plaintiff in the civil case cover sheet and/or summons.

Notwithstanding the local rules, courts may transfer a civil action for the convenience of parties and witnesses to any district or division where it might have been brought. *See* 28 U.S.C. § 1404(a). Also, by motion, consent, or stipulation of all parties, a civil action may be transferred in the discretion of the Court to any other division in the same district. 28 U.S.C. § 1404(b). By its terms, the relevant consideration is the convenience of the parties and the witnesses. *Id.*

In deciding whether to transfer venue the Ninth Circuit has cited several other factors relevant to an intra-district transfer (as opposed to an inter-district transfer) the Court may consider, which include:

> (1) the plaintiff's choice of forum; (2) the location of defendants' residences; (3) the respective parties' contacts with the forum, (4) situs of events giving rise to the lawsuit; (5) the difference in the costs of litigation in the two forums; (6) accessibility of witnesses and other sources of proof; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) any other practical issues.

*See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). *See also Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) (considering plaintiff's choice of forum; convenience of the witnesses; accessibility of witnesses and other sources of proof; possibility of obtaining a fair trial; and all other factors of a practical nature that make a trial easy, expeditious, and economical); *United States v. Brown University*, 772 F. Supp. 241 (E.D. Pa. 1991) (considering defendant's

residences, residences of potential witnesses, situs of events giving rise to the lawsuit, location of records and documents, and other practical issues). The Court has considerable discretion in deciding a motion to transfer after considering the relevant factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The burden is on the party requesting the transfer to show that the balance of conveniences heavily favors the transfer. *Decker Coal*, 805 F.2d at 843.

Sanders has not met her burden in showing the balance of conveniences heavily favors the transfer from the Central Division to the Southern Division. First, the Court accords little weight to Sanders' choice of forum. Sanders is subject to the District of Idaho Local Rules, which fix venue in the Central Division, and she could not have brought the case in the Southern Division. In addition, Sanders has chosen to litigate this case for over two years with venue fixed in the Central Division.

The location of the witnesses also does not tip in favor of transferring venue to the Southern Division. Although Sanders lives and works in Boise, no defendants do; they live in Moscow. In addition, it appears most witnesses likely to testify at trial live either out-of-state or in the northern part of the state, near the Coeur d' Alene courthouse. *Birch Decl.*, Dkt. 86-2 at Ex. A. Therefore, if anything, the convenience of the witnesses favors venue remaining in the Central Division.

This is true despite Sanders' contention that the Moscow witnesses will need to travel regardless if the case is in the Central or the Southern Division: these witnesses living in the Moscow area would have to travel 300 miles to the federal courthouse in Boise – a six-hour drive – versus only 80 miles to the federal courthouse in Coeur d' Alene – an approximately one-hour drive. There can be little doubt that it is more convenient for the Moscow witnesses to travel to the Coeur d' Alene courthouse. Similarly, for those witnesses living out-of-state who may need to travel by plane to testify at trial, the Court does not find it would be substantially more convenient for those witnesses to fly into the Boise airport rather than the Spokane airport.

None of the other factors tip heavily in favor of transferring venue to the Southern Division either. As noted, Defendants Long and Adams reside within the Central Division, and the UI's main campus is located in the Central Division. Also, while Sander worked at the Boise campus when the alleged discriminatory and retaliatory conduct occurred, and some of the conduct giving rise to her claims occurred in Boise, some of the alleged conduct also occurred in Moscow. Likewise, Sanders has failed to show that it would be substantially less expensive for the parties if the trial is held in Boise; instead, by all accounts, it appears changing venue to the Southern Division "would merely shift, rather than eliminate, the inconvenience and costs," and a "transfer of venue is not appropriate

under such circumstances. *Lafky Properties*, 2020 WL 1627332, at *3 (citing *Decker*, 805 F.2d at 842).

In short, the Court finds the Clerk followed appropriate procedures in re-assigning this case to the Central Division, and the Court finds no compelling reason to change venue to the Southern Division. Sander's motion is therefore denied. This will remain a Central Division case.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion to Change Venue to the Southern Division (Dkt. 86) is **DENIED**.

DATED: January 24, 2022

_____
B. Lynn Winmill
U.S. District Court Judge