UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS, | CASE NO. 3:19-CV-00225-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| THE UNIVERSITY OF IDAHO, COLLEGE OF LAW, a Public University Governed by the State Board of Education, et al, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Plaintiff's Shaakirrah R. Sanders' Motion to Compel (Dkt. 97). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court will grant Sanders' Motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Shaakirrah R. Sander filed this lawsuit on June 19, 2019. Fact discovery closed on November 13, 2020. Since then, the parties have filed and briefed their dispositive motions, and the Court issued a decision on August 3, 2020, denying Sander's motion for partial summary judgment and granting in part and denying part Defendants' motion for summary judgment (Dkt. 79). In that decision, the Court also granted Sander's motion for leave to file a third amended complaint. Most recently, on November 4, 2021, the Court allowed Sanders to file a Fourth Amended Complaint to add allegations relating to acts that occurred after the close of discovery but related to her original claims.  The Court also reopened discovery on a limited basis related to the new allegations in the Fourth Amended Complaint (Dkt. 98). The Court also allowed Defendants to file a second motion for summary judgment addressing the new allegations raised by Sanders' recent amendments to her Complaint. Defendants filed this motion on December 23, 2021, and this motion remains pending.

Over the months since the close of discovery, Sanders and Defendants have engaged in a conciliation process relating to Defendants' duty to supplement after the close of discovery. This process has been fruitful to a certain extent, but the parties continue to disagree about their obligations to supplement discovery after

the close of discovery. To resolve this disagreement, Sanders filed this motion to

compel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope and limits of

discovery. It provides:

> Parties may obtain discovery regarding any nonprivileged matter that
> is relevant to any party's claim or defense and proportional to the
> needs of the case, considering the importance of the issues at stake in
> the action, the amount in controversy, the parties' relative access to
> relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or expense
> of the proposed discovery outweighs its likely benefit. Information
> within this scope of discovery need not be admissible in evidence to
> be discoverable.

Fed. R. Civ. P. 26(b)(1).

The purpose of discovery is "to prevent surprise, prejudice and perjury

during trial." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir.

2008)(citation, internal quotation marks, and ellipses omitted). Thus, liberal

discovery is allowed, and relevance, for purposes of discovery, is to be construed

broadly "to encompass any matter that bears on, or that reasonably could lead to

other matter that could bear on, any issue that is or may be in the case."

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted);

*see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("Liberal discovery is

provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). On the other hand, liberal discovery does not mean unlimited discovery. *See Oppenheimer*, 437 U.S. at 351-52.

## ANALYSIS

Sanders seeks an order that would require supplementation by production of certain documents created since the conclusion of discovery in November 2020. Specifically, the documents Sanders seeks include: (1) an updated chart of OCRI complaints through the present; (2) complaints made by Professor Macfarlane and any complaints made by others related to discrimination or retaliation with the College of Law; (3) materials regarding the decision-making process for merit increases in salary in 2020-2021; (4) reprimands of Professor Sanders that post-date the close of discovery along with any other documents added to her personnel file; (5) electronic communications related to Sanders, her lawsuit, performance, tenure, promotion, and pay issues; (6) performance appraisals, discipline, and other updated personnel file documents for Defendant Jerrold Long; and (7) Jerrold Long's personal email or text messages related to this matter.

Defendants, however, insist that the obligation to supplement does not extend to documents that come into a party's possession or that were created after the close of discovery. Defendants further argue that Sander's Motion to Compel

fails because it is "untimely" and "disproportionate." *Defs' Resp. Br.*, p. 2, Dkt. 101. Significantly, Defendants do not appear to dispute that the documents Sanders seeks exist and that such documents are both relevant and material to the accuracy and completeness of their earlier responses.

**1. Sander's Motion to Compel Is Timely.**

First, Defendants contend Sanders' Motion to Compel is untimely because it was filed after the close of discovery. "Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production." *Shuffle Master, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 170 (D. Nev. 1996). "A motion to compel may be filed after the close of discovery." *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). But "[i]f the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely." 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2285 (1994 & Supp.1998).

Here, the Court finds no undue delay in Sanders' filing her motion to compel. Sanders asks the Court to order compliance with Defendants' ongoing obligation to supplement discovery responses under Rule 26(e) *after the close of discovery*, as opposed to a traditional motion to compel concerning a party's initial

response to discovery. Although discovery closed on November 13, 2020, Sanders seeks documents created after the close of discovery, and Defendants deny they have an ongoing obligation to provide such documents. This is not a case where Sanders is attempting to circumvent the Court's discovery deadlines under the guise of a motion pertaining to an opposing party's Rule 26 duty to supplement. To the contrary, the very basis of Sanders' motion – that Defendants' duty to supplement extends beyond the discovery cutoff date – required the motion be filed after the discovery cutoff date.

In addition, this case presents a somewhat unusual situation in that the Court allowed Sanders to amend her complaint to add allegations relating to events that occurred after the close of discovery. In allowing this amendment, the Court re-opened discovery on a limited basis and allowed Defendants to file a second motion for summary judgment relating to these new allegations. It would make little sense for the Court to allow this amendment and reopen discovery relating to events that occurred after the close of discovery and then deny Sanders the opportunity to file a motion to compel disclosure of information pertaining to these events that occurred after the close of discovery.

## 2. Defendants' Duty to Supplement Discovery Extends Beyond the Discovery Cutoff Date.

Second, Defendants argue Sanders "does not request supplementation" but

instead "requests production of documents not in existence at the time of her requests or during the discovery period," and therefore "[t]hese are in effect new discovery requests and not simply request to supplement." *Defs' Resp. Br.*. p. 6, Dkt. 101.  The Court disagrees.

Federal Rule of Civil Procedure 26(e) imposes a duty on a party to supplement or correct prior discovery responses "in a timely manner if the party learns that is some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Rule 26(e) contains no language about when the duty to supplement ends. The Advisory Notes to the 1993 Amendments of Rule 26(e) state that "[s]upplementations need not be made as each new item of information is learned, but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Advisory Committee Notes to 1993 Amendment to Fed. R. Civ. P. 26(e) (emphasis added). The Ninth Circuit has not addressed whether the duty to supplement ends with the close of discovery, but numerous courts have held that the duty to supplement may extend beyond the close of discovery. *See, e.g.*, *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (duty to supplement extends until the notice of appeal filed); *Rodowicz v. Mass. Mut. Life Insurance Co.*, 279 F.3d 36, 44–45 (1st Cir. 2002) (late change in expected trial testimony by plaintiff on

material issue required timely supplementation of plaintiff's prior discovery responses); *see also Robbins & Myers, Inc. v. J.M. Huber Corp*., 274 F.R.D. 63, 77 (W.D.N.Y. 2011); *Huynh v. J.P. Morgan Chase & Co.*, No. CIV 06-0001-PHX-RCB, 2008 WL 2789532, at *25 (D. Ariz. July 17, 2008); *Iweala v. Operational Techs. Servs., Inc*., No. CV 04-02067 (RWR), 2010 WL 11583114, at *1 (D.D.C. Apr. 13, 2010); *Pizza Pub. Co. v. Tricon Glob. Restaurants, Inc.*, No. 99 CIV. 12056 BSJMHD, 2000 WL 1457010, at *1 (S.D.N.Y. Sept. 29, 2000); *Episcopo v. Gen. Motors Corp.*, No. 02 C 8675, 2004 WL 628243, at *7 (N.D. Ill. Mar. 29, 2004), *aff'd*, 128 F. App'x 519 (7th Cir. 2005).

Indeed, one court within this Circuit described the plaintiff's argument that she had no duty to supplement after the close of discovery as "somewhat disingenuous." *Huynh*, 2008 WL 2789532, at *25. The court noted that "[a]lthough Rule 26 does not explicitly provide for supplementation of disclosures and responses after the close of discovery, ... the language of Rule 26(e)(2) is broad enough to require supplemental disclosure under certain circumstances, regardless of whether discovery has closed[.]" (quoting *Episcopo*, 2004 WL 628243, at *7) (internal quotation marks omitted). Such a reading of the "is consistent with the spirit behind the discovery rules, which is to promote a liberal discovery process in an effort to narrow the issues for trial and to prevent unfair surprise." *Episcopo*,

2004 WL 628243, at *7 (internal quotation marks omitted). *See also Robbins &*
*Myers,* 274 F.R.D. at 76 ("Plaintiff's argument, that documents later created by
Plaintiff otherwise responsive to Defendants' Document Requests…are not within
the supplementation duty under Rule 26(e), is therefore contrary to the history and
text of Rule 26(e).").

Another court reached a similar conclusion after considering an argument
"that the obligation to supplement does not extend to documents that come into the
party's possession after the close of discovery" – finding such a reading of Rule
26(e) was "plainly wrong." *Pizza Public*, 2000 WL 1457010, at *1. In reaching this
conclusion, the court observed that Rule 26(e) "makes no distinction between
information – including documents – acquired prior to and after the conclusion of
fact discovery (or indeed of any discovery)." *Id.* And, in fact, as the court in *Pizza*
*Public* explained, "such a distinction could pose a serious risk of unfairness to the
discovering party, since documents created or acquired after discovery but before
trial might entirely undercut the gist of earlier discovery responses, thus placing the
discovering party at a severe and entirely unfair disadvantage." *Id.* The court
further noted that in some circumstances it could even "create the opportunity for a
producing party to seriously mislead its adversary, for example by deliberately
delaying some of its informal fact investigations (including document acquisition)

until after the close of discovery." *Id. See also Robbins & Myers,* 274 F.R.D. at 76-77.

No evidence exists in this case that Defendants engaged in such bad faith conduct. Nor does this Court find Defendants' reading of Rule 26(e) is "plainly wrong." To the contrary, some courts have found "[t]he duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered" and does not cover documents generated after the close of discovery. *Our Children's Earth v. Leland Stanford Junior Univ.*, No. 13-CV-00402-EDL, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015) (quoting *Dong Ah Tire & Rubber Co. v. Glasforms, Inc*., 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008)). As this court reasoned, "in a case like this, to conclude otherwise would be to invite rolling discovery in a way that would unfairly burden Defendant and indefinitely postpone trial." *Id.* (quoting *Kuhns v. City of Allentown*, 2010 WL 4236873, at *2 (E.D. Pa. Oct. 26, 2010)) (internal quotation marks and alterations omitted).  The court further opined that "endless rolling production would undermine the mandate of Federal Rule of Civil Procedure 1 to apply the rules 'to secure the just, speedy, and inexpensive determination of every action,' and Rule 26(b)(2)(C)(iii) to ensure that discovery is proportionate to the needs of the case." *Id.*

**MEMORANDUM DECISION AND ORDER - 10**

Like the court in *Our Children's Earth,* the Court recognizes that "in protracted and complex litigation the generation of new and responsive documents could conceivably impose unfair supplementation burdens on a responding party and its attorneys." *Robbins & Myers*, 274 F.R.D. at 77. But the drafters of Rule 26(e) and the 1993 amendment addressed this potential burden "by imposing a requirement upon the responding party covering both knowledge of the new information, whether by subsequent discovery of its prior existence or its later creation, as well as a showing of the materiality of the subject information." *Id.* The satisfaction of these two criteria significantly reduces, if not eliminates "the risk that a party will be burdened or sanctioned unfairly for violation of the duty to supplement based on the advent of relevant and material information unknown to the party at the time of its initial response or because of its later creation." *Id.*

For these reasons expressed above, the Court cannot agree with the blanket rule expressed by the court in *Our Children's Earth* that the duty to supplement can never cover documents generated after the close of discovery. The dangers presented by a "rolling production" requirement may and should be addressed on a case-by-case basis. On the other hand, to create a blanket rule that the duty to supplement ends with the discovery cutoff date "would effectively defeat the long-standing salutary purpose of Rule 26(e) as established when first enacted in 1970

MEMORANDUM DECISION AND ORDER - 11

and as consistently understood and intended by its drafters in the course of the rule's several revisions over its forty-year history." *Robbins & Myers*, 274 F.R.D. at 77 (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir.1985) (federal discovery rules to be "interpreted broadly")).

In fact, this case illustrates precisely why the duty to supplement can and should apply to later created information under certain circumstances. *C.f.*, *Robbins & Myers*, 274 F.R.D. at 78. ("Justification for a liberal interpretation of Rule 26(e) as applicable to later created information is demonstrated by the facts of the instant case."). Sanders remains employed by UI and has alleged Defendants' discriminatory and retaliatory conduct continued beyond the close of discovery and the dispositive motion deadline. And the Court specifically allowed Sanders to amend her complaint to add allegations pertaining to this alleged conduct that occurred after the close of discovery and the dispositive motion deadline. Yet, if the duty to supplement stopped with the discovery deadline, Defendants theoretically could engage in blatant discriminatory or retaliatory conduct after the close of discovery and not have to disclose it because such conduct occurred after the discovery cutoff – effectively serving to insulate Defendants from liability for such conduct. Such a result – even if entirely hypothetical – cannot be what the

drafters of the federal rules intended.

The Court therefore finds Defendants have a duty to supplement their prior discovery responses with later created or generated information that is both relevant and material to the accuracy and completeness of their earlier responses to Sanders' prior discovery requests. As noted, Defendants do not dispute responsive documents exist, or that the requested documents are relevant to the claims at issue in this case, or that they have not supplemented their prior discovery responses with this later created information. To the extent such documents exist, Defendants must produce them. In addition, the Court notes that Defendants already should have disclosed any information relating to new allegations in the Fourth Amended Complaint in accordance with the Court's order granting Sanders leave to amend (Dkt. 98). If any of those disclosures are incomplete, Defendants must also timely supplement these disclosures.

### 3. Expenses Will Not Be Awarded.

Where, as here, a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order payment of

expenses if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(i-iii).

Here, the record establishes that Sanders engaged in good faith efforts to obtain the discovery from Defendants without the involvement of the Court. But given that the Ninth Circuit has not yet addressed the issue of when the duty to supplement ends, and courts have reached different conclusions on the issue, the Court finds Defendants' response was substantially justified. The Court therefore will not award Sanders her reasonable expenses in bringing the motion to compel.

**ORDER**

**IT IS ORDERED that:**

1.  Plaintiff's Shaakirrah R. Sanders' Motion to Compel (Dkt. 97) is GRANTED.

2.  Defendants shall make a timely supplementation of their discovery responses and production within 45 days of the date of this Order is entered to the following Requests for Production:

    a.  Request for Production No. 3: Please provide complete copies of personnel files or similarly kept files for Shaakirrah Sanders,

including but not limited to, her performance appraisals, discipline, and all files maintained by the College of Law, Human Resources or the University.

b.  Request for Production No. 26: Please provide copies of all materials reflecting Dean Long's decision-making process including the ultimate decision regarding who would be awarded a merit increase in salary and the reasons considered regarding the same from 2018 to the present.5

c.  Request for Production No. 32: Electronic communications to or from the following individuals regarding Shaakirrah Sanders' complaints or concerns raised by or about her, her lawsuit or EEOC charge, her performance, tenure and promotion, pay issues such as stipends and merit increases from July of 2014 to present: a) Mark Adams; b) Richard Seamon; c) Jerry Long; d) Human Resources; e) Lee Dillon; f) Steven Miller; g) Barbara Cosens.

d.  Request for Production No. 34: Please provide all materials related to the culture and climate review initiated by President Green in January 2020 and conducted by the team that included

Michael Satz, Yolanda Bisbee, Linda Copple Trout, and Donald Burnett. This requests [sic] includes but is not limited to any materials regarding: the President's initiation and selection of the team; the team's work, interviews, and any investigation; any of their findings, conclusions or recommendations including all drafts of the same; any communications (including electronic communications) between and/or to or from them regarding this topic; and any notes or other materials reflecting the above.

e. Request for Production No. 35: Please provide all material reflecting any complaints made (formally or informally) or concerns raised regarding race or gender inequities, discrimination or harassment at the College of Law from 2017 to the present to any of the following: the College of Law Administrators including but not limited to the Dean and the Associate Deans; the Provost and the Provost's office, the President and the President's office.

f. Request for Production No. 38: Please provide electronic communications from August of 2019 to the present regarding

Shaakirrah Sanders, her lawsuit or claims at issue in this lawsuit
and sent to or from: Jerry Long; David Pimentel; Wendy
Couture; Steven Miller; the University Provost; the University
President; OCRI personnel; and Human Resources personnel.

g.  Request for Production No. 51: Please provide complete copies
of personnel files or similarly kept files for Jerrold Long,
including but not limited to, his performance appraisals,
discipline, and all files maintained by the College of Law,
Human Resources or the University of Idaho.

DATED: January 31, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 17**