Bentley G. Stromberg ISB No. 3737
Sonyalee R. Nutsch ISB No. 6189
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
bstromberg@clbrmc.com
snutsch@clbrmc.com
321 13th Street, Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)

  Attorneys for Defendants University
  of Idaho, Mark Adams and Jerrold Long

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS,<br><br>      Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF IDAHO, a public university governed by the BOARD OF REGENTS OF THE UNIVERSITY OF IDAHO aka the STATE BOARD OF EDUCATION, an executive department of the STATE OF IDAHO, and MARK ADAMS, former Dean of the College of Law, in his official and individual capacity, and JERROLD LONG, former Dean, in his official and individual capacity<br><br>      Defendants. | Case No: 3:19-CV-00225-BLW<br><br>RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER (DKT. 118) |

  Shaakirrah R. Sanders ("Plaintiff") is an African-American woman who was hired by the University of Idaho ("UI") as a tenure track associate law professor in June of 2011. Over the decade that followed, Plaintiff alleges that she has been the victim of discrimination, harassment and retaliation. A complaint alleging race and gender based discrimination has been pending before this court for several years. Though an earlier version of that complaint invoked the

RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO
RECONSIDER          1

supplemental jurisdiction of this court to bring a claim under the Idaho Protection of Public Employee's Act ("IPPEA"), I.C. § 6-2101, *et seq*., the Court dismissed that claim as barred by the Eleventh Amendment. *See Shaakirrah R. Sanders v. University of Idaho*, et. al., --- F.Supp.3d ----, 2021 WL 3409668, *31-32 (D. Idaho 2021). Now, six months later, almost three months after the renewed deadline for dispositive motions set by the Court and after finding that the state courts may not be receptive to her IPPEA claim, Plaintiff has moved to reconsider that ruling. The motion should be denied for reasons set forth below.

## I. BACKGROUND

As the court is aware, Plaintiff alleges that in January of 2020, then-Dean Jerrold Long recorded an open forum session that Plaintiff hosted. Because Plaintiff did not consent to the recording beforehand, Plaintiff (as she alleges) believed that Long's actions may have violated various provisions of state or federal law, or UI policy. After the recording incident occurred, Plaintiff sent emails to a long list of recipients (one is addressed to the entire College of Law faculty, another to the UI President and other UI officials) describing Long's alleged misconduct. Plaintiff alleges that Long thereafter retaliated against her by, among other things, issuing Plaintiff negative performance reviews for 2019 and 2020.

Plaintiff introduced an IPPEA claim premised on these allegations in her second amended complaint. Though Defendants' answer to that complaint did plead the Eleventh Amendment as an affirmative defense (as did Defendants answer to Plaintiff's prior versions of her complaint (Dkts. 8, 20, 27)), the answer did not specifically plead it as a defense to Plaintiff's IPPEA claim. Defendants, however, raised the Eleventh Amendment (along with several other arguments) as a defense to Plaintiff's IPPEA claim in a timely summary judgment motion. (Dkts. 40-1 at *28-29, 50 at *5-10, 59 at *3-5).

Plaintiff opposed dismissal of her IPPEA claim on Eleventh Amendment immunity grounds, arguing for the most part that by failing to specifically plead it as a defense to this particular claim, UI had waived it. The Court rejected this objection, properly concluding that no such pleading rule exists, and that the manner by which the defense had been raised by Defendants did not warrant a waiver finding.

Plaintiff thereafter requested and received clarification that the Court's dismissal of this claim was without prejudice. (Dkt. 84). The Court also later granted Plaintiff leave to file a fourth amended complaint, and set a renewed dispositive motions deadline in late December 2021. Defendants filed a timely motion for partial summary judgment, and that motion is fully briefed and is pending before the Court. As is Plaintiff's motion to strike portions of Defendants' partial summary judgment motion.

While briefing of those motions (and additional discovery, as ordered by the Court) was ongoing, Plaintiff served a state court complaint on UI. The complaint (which Plaintiff actually filed on August 26, 2021, but didn't serve until several months later) presents an IPPEA claim virtually indistinguishable from the one previously addressed by this Court. Defendants, relying on decades-old cases from the United States and Idaho Supreme courts interpreting and applying the supplemental jurisdiction statute's tolling provision, *see Noak v. Idaho Dept. of Correction*, 271 P.3d 703, 709 (Idaho 2012) (citing *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 548 (2002)), responded to Plaintiff's state court filing with a motion to dismiss under Idaho Rule of Civil Procedure 12(b)(6). Plaintiff did not contest the motion, and instead voluntarily dismissed her complaint. On the same day that Plaintiff dismissed her state court complaint, she filed the instant motion to reconsider.

## II. LEGAL STANDARD

Trial courts have broad "inherent power to modify their interlocutory orders before entering a final judgment." *Cummings v. Stewart Title Guaranty Co.*, No. 4:15-cv-00599-BLW, 2020 WL 4455110, *1 (D. Idaho August 3, 2020) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943)).

Plaintiff, however, appears to concede that she is not seeking review of an interlocutory order, because her motion is brought pursuant to Fed. R. Civ. Pr. 60(b), which "applies only to motions attacking final, appealable orders[.]"[1] *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). The rule "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir .1993) (citation omitted). A Rule 60(b) motion must be made "within a reasonable time," *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020) (citing Fed. R. Civ. P. 60(c)(1)), and relief under Fed. R. Civ. P. 60(b) is discretionary. *School Dist. No. 1J,*, 5 F.3d at 1263.

---

[1] A partial judgment of dismissal is generally not a final, appealable order unless accompanied by a separate final judgment that complies with Fed. R. Civ. Pr. 58(a)(1), or is certified for appeal pursuant to Fed. R. Civ. Pro. 54(b). *Campo v. Kennedy*, 517 F.3d 1070, 1074 n.5 (9th Cir. 2008); *Disabled Rights Action Comm. v. Las Vegas Events*, 375 F.3d 861, 870 (9th Cir. 2004); *but see also Campo*, 517 F.3d at 1074 (denials of Eleventh Amendment immunity are immediately appealable under the collateral order doctrine). Plaintiff presumably believes that the Court's ruling was intended to be the "final act" in the matter, *Disabled Rights*, 375 F.3d at 871, and thus was (and is) a final judgment.

## III. ARGUMENT

**1.    No plausible basis for reconsideration has been demonstrated.**

**A.    No misrepresentation or other "misconduct" occurred here.**

For the most part, Plaintiff appears to assert that relief should be granted under the third prong of Fed. R. Civ. P. 60(b). To prevail under subsection (3) "the moving party must prove by clear and convincing evidence that the [ruling] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the [claim]." *De Saracho v. Custom Food Machinery, Inc*., 206 F.3d 874, 880 (9th Cir. 2000). The ruling at issue here is obviously this Court's dismissal of Plaintiff's IPPEA claim on grounds that, as a state law claim brought against a non-consenting state defendant, it was barred by Eleventh Amendment sovereign immunity. According to Plaintiff, this dismissal should be set aside because Defendants strategically concealed their intention to raise this defense, meaning that there was no way for Plaintiff to discover (until it was too late) that she needed to timely bring this claim in state court if she wanted pursue it at all.

This is not accurate. Defendants have never hid the fact that they had not, and did not, consent to suit in federal court on claims subject to an Eleventh Amendment immunity defense. This defense was pleaded in answers filed to each version of Plaintiff's complaint(s), and no rule or case requires a waiver finding merely because the answer does not specifically state that this defense is being pleaded as against this particular claim. *See Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.") (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). Moreover, even if fair notice, *see* Fed. R. Civ. P. 8(a), that this defense would be raised was not provided by Defendants' answer(s), affirmative defenses may be raised for the first time in a timely motion for summary judgment,

as indisputably occurred here. *See Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1139 (D. Idaho 2013) (citing *Han v. Mobil Oil Corp.*, 73 F.3d 872 (9th Cir. 1995)).[2]

Plaintiff, of course, now claims that she was prejudiced by this delay because, as noted above, by the time she realized that this defense was being raised vis-à-vis her IPPEA claim, the statute of limitations on the claim had largely run in state court. Again, according to Plaintiff this deliberate, strategic delay left her with no choice but to oppose dismissal in this court, because Defendants' alleged "misconduct" otherwise (effectively) prevented her from pursing this claim in any forum.

This is nonsense. Plaintiff evidently believed that she could oppose dismissal on Eleventh Amendment grounds and (if that failed) rely on the supplemental jurisdiction statute's tolling provision. *See* 28 U.S.C. § 1367(d). Indeed, after the Court rejected her waiver argument, Plaintiff moved to clarify that the dismissal of her IPPEA claim was without prejudice,[3] to allow her to re-file it in state court in reliance on that tolling provision. However, there was (and is) a significant problem with Plaintiff's chosen strategy: it is plainly barred by existing United States and Idaho Supreme Court case law. For nearly two decades, tolling under 28 U.S.C § 1367(d) has not been available for claims filed in federal court against state defendants which are subsequently dismissed on Eleventh Amendment sovereign immunity grounds. *Raygor*, 534 U.S. at 541; *Noak*, 271 P.3d at 709; *see also Jinks v. Richland County*, 538 U.S. 456, 466 (2003) (noting that the interpretation adopted in *Raygor* was necessary "to avoid interpreting the statute

---

[2] Plaintiff also suggests that Defendants somehow waived this defense by not opposing Plaintiff's motion for leave to introduce this claim (and other novel allegations) in her second amended complaint. This argument borders on the absurd. Defendants are aware of no case holding that a defense—Eleventh Amendment or otherwise—is, or can be waived merely because it is not affirmatively and specifically raised in opposition to a motion for leave to amend, before a claim has even been introduced.

[3] This clarification might have prevented Defendants from raising a collateral estoppel or res judicata type argument in state court, but is irrelevant under *Raygor*, which considered a dismissal without prejudice. 534 U.S. at 538, 543.

in a manner that would raise 'serious constitutional doubt' in light of our decisions protecting a State's sovereign immunity from congressional abrogation'").

After an Eleventh Amendment defense was raised here, Plaintiff had a choice to make. She could (as she did) oppose that defense. However, if that opposition was unsuccessful, existing, easily discoverable case law made plain that § 1367(d)'s tolling provision would not be available to her. On the other hand, if Plaintiff intended to rely on that tolling rule, she needed to seek dismissal on a ground enumerated by the statute. *See Raygor*, 534 U.S. at 541; *Noak*, 271 P.3d at 709.

Though not exactly a "paragon of clarity," *City of Los Angeles v. County of Kern*, 59 Cal.4th 618, 634, 328 P.3d 56 (Cal. 2014), *abrogated on other grounds by Artis v. District of Columbia*, 138 S.Ct. 594 (2018), the supplemental jurisdiction statute specifically allows tolling where claims are voluntary dismissed. *See Raygor*, 534 U.S. at 548 (citing 28 U.S.C. § 1367(d)); *see also Hernandez v. City of Pomona*, 46 Cal.4th 501, 527, 207 P.3d 506, 525 (Cal. 2009) (where voluntary dismissal is sought and granted "state claims are preserved under the tolling provisions of 28 United States Code section 1367(d)"); *Blinn v. Florida Department of Transportation*, 781 So.2d 1103, 1108 (Fla. 1st Dist. 2000) ("[W]here the basis for the exercise of supplemental jurisdiction clearly exists, it appears a voluntary dismissal should receive the same treatment as a refusal of the federal district court to exercise supplemental jurisdiction, i.e., the plaintiff should have the benefit of the section 1367(d)."); *Naragon v. Dayton Power & Light Co.*, 934 F.Supp. 899 (S.D. Ohio 1996) ("If Plaintiff moved for dismissal under Fed. R. Civ. P. 41(a)(2) and the dismissal were granted, Plaintiff would still have the benefit of . . . 28 U.S.C. § 1367(d)"). The statute also specifically would have allowed Plaintiff to ask the Court to decline the discretionary exercise of supplemental jurisdiction over that claim, and dismiss it on that basis. *See* 28 U.S.C. § 1367(c).

Contrary to what Plaintiff suggests, when it became unavoidably clear to her that her IPPEA claim faced an Eleventh Amendment immunity defense, pressing forward with that claim in the face of that defense in this forum was <u>not</u> her only option. If she wanted to rely on § 1367(d)'s tolling rule, she could have requested voluntary dismissal, or other dismissal specifically contemplated by the statute. She did not do so. Instead she not only opposed dismissal on Eleventh Amendment grounds, she pressed forward with her motion for partial summary judgment on this claim. And then, once the Court rejected her waiver argument, she re-filed the claim in state court before the ink was dry on this Court's ruling, evidently still under the impression that she could have her cake and eat it too, regardless of what *Raygor* and *Noak* held years earlier.

To the extent that Plaintiff was unaware of obstacles created by existing, easily discoverable case law, or that her own choices in this litigation might impact the future viability of this claim, this does not in any way demonstrate "misconduct" by an opposing party; it demonstrates her own errors, which is not a basis for relief under Fed. R. Civ. P. 60. *See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)"); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)).

Defendants were not (and are not) required to litigate Plaintiff's case for her, or alert her to relevant decisions she may have overlooked. Failing to point out a flaw in an adverse party's reasoning simply is not "misconduct," "fraud" or any other sort of scenario that might plausibly warrant the extraordinary relief available under Fed. R. Civ. P. 60(b)(3). Plaintiff cannot plausibly claim to have been surprised or "ambushed" by a defense that is spelled out plainly in decades-old case law, *see Sadid*, 943 F. Supp. 2d at 1139, or by the fact that Defendants did not

simply wave a white flag when she re-filed this claim in state court, and instead raised an obviously meritorious defense.

Plaintiff has simply not in any way shown—whether by "clear and convincing evidence" or otherwise, *see De Saracho*, 206 F.3d at 880—that she has been prejudiced here by anything other than her own decision to ignore the options spelled out in the supplemental jurisdiction statute, and instead do precisely what existing United States and Idaho Supreme Court Eleventh Amendment case law prohibits. No basis for relief under Fed. R. Civ. P. 60(b)(3) has been demonstrated here, nor can one be. Plaintiff's motion should be denied on that basis.

### B.  Relief under Fed. R. Civ. P. 60(b) is not otherwise available here.

Plaintiff may also believe that relief is warranted under other subsections of Rule 60(b). If so Plaintiff is mistaken. Subsections (4) and (5) deal with relief from void or satisfied judgments, and neither has any obvious applicability here.

Subsection (1) allows relief where necessary to address mistake, surprise, or excusable neglect, but for reasons discussed above, Plaintiff cannot plausibly claim surprise. Plaintiff was not caught out by a change in the law, or a novel ruling; the rule she complains is being unfairly applied to her is one that is spelled out in existing case law, has been for more than a decade. Plaintiff may not have been aware of this rule, or indeed of the risks inherent in the litigation strategy she adopted when she could no longer ignore Defendants' Eleventh Amendment sovereign immunity defense to this claim, but as noted above, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Llewellyn*, 139 F.3d at 666. Subsection (1) does not plausibly support the relief sought here either.

Subsection (2) addresses newly discovered evidence, but the only new information or evidence here is the issues discussed previously, i.e. Plaintiff's apparent surprise at the fact that

Defendants might actually raise a defense spelled out plainly in existing case law to her state court complaint. To the extent the Plaintiff relies on subsection (2), it fails for reasons discussed regarding subsections (1) and (3).

That leaves subsection (6), the catchall exception, which allows the court to grant relief in exceptional circumstances. However, "a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented [her] from proceeding with . . . the action in a proper fashion.'" *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2008) (citation omitted); *see also Pioneer*, 507 U.S. at 393 (party seeking relief under subsection (6) must generally be "faultless in the delay"). Neither is present here.

Again, Plaintiff's claimed injury is the result of her own litigation strategy. Requiring a party to actually respond in state court to arguments that are amply supported by existing case law is simply not unfairly prejudicial. And for reasons discussed above, nothing prevented Plaintiff from reviewing relevant case law or the federal tolling provision she planned to rely on, and proceeding in the "proper" fashion once she eventually realized that an Eleventh Amendment defense had in fact been raised, which indisputably occurred well before the Court entered an apparently "final" judgment on her IPPEA claim.

In short, regardless of which subsection is relied on, no basis to grant the relief sought here under Fed. R. Civ. Pr. 60 has been shown by Plaintiff. Defendants therefore request that the Court exercise its discretion and deny the motion.

**2.    Plaintiff's IPPEA claim is barred by law whether the Eleventh Amendment applies to it or not.**

If the Court is for any reason inclined re-assert jurisdiction over this claim—it should not for reasons set forth above—UI's other arguments for dismissal must be addressed before this claim could possibly be tried. The rulings issued by the Court to date have not specifically addressed those arguments to the best of Defendants' knowledge. Those arguments are set forth

RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO
RECONSIDER                                            10

in detail in Defendants summary judgment briefs. (Dkt. 40-1, at *28-29; Dkt. 50, at *5-10, Dkt. 59, at *3-5). Defendants submit to the Court's discretion regarding whether supplemental briefing or other procedure is appropriate here to resolve those issues should the Court allow Plaintiff's IPPEA claim to be re-instated.

## IV. CONCLUSION

Plaintiff's motion to reconsider should be denied.

DATED this 21st day of March 2022.

                                  CLEMENTS, BROWN & McNICHOLS, P.A.

                    By:  /s/
                              BENTLEY G. STROMBERG
                              Attorneys for Defendants University
                              of Idaho, Mark Adams and Jerrold Long

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of March 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Erika Birch
    T. Guy Hallam, Jr.
    Strinberg & Scholnick, LLC
    1516 W. Hays Street
    Boise, Idaho 83702
    erika@idahojobjustice.com
    guy@idahojobjustice.com

                                /s/
                                Bentley G. Stromberg