Bentley G. Stromberg ISB No. 3737
bstromberg@clbrmc.com
Sonyalee R. Nutsch ISB No. 6189
snutsch@clbrmc.com
Tully FitzMaurice ISB No. 10649
tfitzmaurice@clbrmc.com
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)

      Attorneys for Defendants University
      of Idaho, Mark Adams and Jerrold Long

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS, ) | |
| ) | Case No: 3:19-CV-00225-BLW |
|     Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
|     vs. ) | DEFENDANTS' MOTION TO PRESENT |
| ) | TESTIMONY OF AN UNAVAILABLE |
| THE UNIVERSITY OF IDAHO, a ) | WITNESS VIA VIDEO CONFERENCE |
| public university governed by the ) | |
| BOARD OF REGENTS OF THE ) | |
| UNIVERSITY OF IDAHO aka the ) | |
| STATE BOARD OF EDUCATION, ) | |
| an executive department of the STATE ) | |
| OF IDAHO, and MARK ADAMS, ) | |
| former Dean of the College of Law, in ) | |
| his official and individual capacity, ) | |
| and JERROLD LONG, interim Dean, ) | |
| in his official capacity and individual ) | |
| capacity ) | |
| ) | |
|       Defendants. ) | |

# I.

## INTRODUCTION

Plaintiff filed her original Complaint in this matter on June 19, 2019. (Dkt. 1). She has amended her Complaint multiple times, with the current operative amendment being the Fourth Amended Complaint. (Dkt. 99). Within the Fourth Amended Complaint, plaintiff makes allegations related to two independent investigations, one of which involved College of Law Professor David Pimentel. (Dkt. 99). On March 1, 2022, this Court issued an Order setting trial in this matter. (Dkt. 120). Pursuant to this Order, trial is set to begin on October 11, 2022, in Coeur d' Alene, Idaho. As explained further below, Professor Pimentel, a critical witness needed to defend this case, will not be in the United States during the scheduled trial.  He can, however, be available via video conference. Defendants have therefore filed a Motion to Present Testimony of the Unavailable Witness via video conference.  This Memorandum in submitted in support of that Motion.

# II.

## FACTS

Professor Pimentel is a past Associate Dean and current Professor at the University of Idaho, College of Law. (See Declaration of David Pimentel, 8/8/2022, ¶¶ 2-3.)  He has direct knowledge regarding the circumstances surrounding one of the two investigations Plaintiff complains about in her Fourth Amended Complaint. (Decl. ¶ 4.) Professor Pimentel is unavailable to testify in person during the trial in this matter because he will be on sabbatical, residing and working in Europe for the 2022-2023 academic year.  (Decl. ¶ 5.)  Professor Pimentel's sabbatical plans involve research and legal work in Western Europe, principally in

Austria. (Dec. ¶ 6.)  During his sabbatical, he expects to be at University of Graz, participating in their Law and Politics program which is connected to the Centre for Southeast European Studies. (Dec. ¶ 6.) Professor Pimentel's wife will be accompanying him to Europe to conduct research for her work as an author.  (Dec. ¶ 7.) The sabbatical was approved on March 24, 2021, long before the trial date in this matter was set (Decl. ¶ 8.)  Professor Pimentel is not planning to return to the United States during his sabbatical.  This is in part due to the expense and in part due to travel concerns as a result of the current pandemic. (Decl. ¶ 9.) Should Professor Pimentel leave Europe, there would be no guarantee that he and his wife would be able to travel back to Europe if circumstances were to change and travel restrictions be reinstated.[1] (Decl. ¶ 10.) In light of this potential, Professor Pimentel is foregoing even personal travel back to the United States to see his grandchildren during his sabbatical. (Dec. ¶ 10)

Professor Pimentel is confident he will be able to find a quality Wi-Fi connection where he will be located at the time of the trial and that he will have the ability to access the internet and whatever video conferencing system the Court chooses to use. (Dec. ¶ 11.)

### III.

### ARGUMENT

Whether to grant permission for a witness to testify via contemporaneous video or telephonic means is a matter that rests within the Court's discretion. See Carrol v. United States, 703 F. App'x 615 (9th Cir. 2017) (citations omitted). Pursuant to Federal Rule of Evidence 611(a)(1), the Court has control over the mode of examining witnesses and presenting evidence so that those procedures at trial are "effective for the purpose of determining the truth[.]" Id.  In

---

[1] While COVID-19 entry and exit restrictions are minimal at this time, the US Embassy for Austria shows prior restrictions related to travel. See. https://at.usembassy.gov/covid-19-information/

addition, Federal Rule of Civil Procedure 43(a), allows the Court "[f]or good cause in compelling circumstances and with appropriate safeguards…" to "permit testimony in open court by contemporaneous transmission from a different location." Id. Indeed, as we've seen recently, as a result of the COVID-19 pandemic, a Court may even hold an entire civil trial virtually. See General Order 412.

Good cause and compelling circumstances exist to allow Professor Pimentel to testify remotely.  Mr. Pimentel will be on sabbatical in Europe during the trial. (Dec. ¶ 5.) The sabbatical was approved on March 24, 2021, long before the trial date in this matter was set. (Dec. ¶ 8.)  The distance between the Coeur d' Alene Federal Courthouse and Europe is tremendous and would require extensive and expensive travel. Couple the distance with the reality that an unpredictable global pandemic is ongoing and the travel becomes potentially impossible. Even if Professor Pimentel were able to travel to testify at the trial in this matter, there would be no guarantee that he would be able to travel back to Europe.[2] (Dec. ¶ 10)

Similarly, requiring time consuming travel to Idaho and back to Europe would interfere with and adversely impact the work of Professor Pimentel, particularly if the pandemic delays or prevents him from returning to his work in Europe. See Jun Yu v. Idaho State Univ., 2019 WL 2566526 at *1 (D. Idaho Jan. 31, 2019) (economic hardship placed on witnesses due to travel associated with testimony found to be compelling circumstances in allowing remote testimony) Additionally, such extensive travel would result in increased COVID-19 infection risk for Professor Pimentel. See Vasquez v. City of Idaho Falls, 2020 WL 1860394 at *8 (D. Idaho Apr. 13, 2020) (noting the court's serious approach to the pandemic).

---

[2] While Covid-19 entry and exit restrictions are minimal at this time, the US Embassy for Austria shows prior restrictions related to travel. See https://at.usembassy.gov/covid-19-information/

Allowing Professor Pimentel to testify via video conference would not prejudice Plaintiff. Plaintiff will still be afforded the right to a full cross-examination of Professor Pimentel while he is under oath. <u>See</u> <u>id.</u> (noting that no prejudice to nonmoving party with similar remote testimony.) However, if this Court denies this request, defendants will be unable to present Mr. Pimentel's important testimony live, resulting in substantial prejudice to defendants.

The use of Zoom and other similar platforms has become common in today's legal system. The parties in this case and this Court, due to the COVID-19 pandemic, have extensively used Zoom to conduct most pretrial processes. The use of Zoom has allowed this case to continue without any noticeable negative impact and/or effect on the parties. Given the extensive use of Zoom by the Court and parties to date, there is no prejudice in using Zoom or a similar contemporaneous video platform at trial in this matter for Professor Pimentel's testimony.  The jury will be able to view and hear the testimony of Professor Pimentel in a fashion strikingly similar to testifying live. Professor Pimentel's voice and physical expressions will be presented in real-time for the jury, allowing them to determine and weigh his credibility. Given the above, this Court should allow defendants to present the testimony of Professor Pimentel via Zoom or any other video conferencing platform would prefer that the defense use.

## IV.

## CONCLUSION

For the reasons expressed herein, defendants respectfully request this Court, pursuant to Federal Rule of Civil Procedure 43(a), grant their Motion and allow Professor Pimentel to testify via Zoom, or other similar contemporaneous video platform at the trial in this matter.

Dated this 9th of August 2022.

<div style="margin-left: 40%">

CLEMENTS, BROWN & McNICHOLS, P.A.

By:    /s/Bentley G. Stromberg
BENTLEY G. STROMBERG
Attorneys for Defendants University
of Idaho, Mark Adams and Jerrold Long

</div>

<u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on the 9th day of August 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Erika Birch
T. Guy Hallam, Jr.
Strinberg & Scholnick, LLC
1516 W. Hays Street
Boise, Idaho 83702
erika@idahojobjustice.com
guy@idahojobjustice.com

/s/
Bentley G. Stromberg

MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO PRESENT
TESTIMONY OF AN UNAVAILABLE
WITNESS VIA VIDEO CONFERENCE    - 6 -