UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF IDAHO, COLLEGE OF LAW, et al.,<br><br>Defendants. | Case No. 3:19-cv-00225-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Currently before the Court is Defendants' motion to present the testimony of an unavailable witness via video conference (Dkt. 134), and the portion of Plaintiff's Motion in Limine seeking to exclude six of Defendants' witnesses (Dkt. 148).[1] For the reasons discussed below, the Court will deny Defendants' motion to allow the video testimony of Pimentel and grant Plaintiff's motion to exclude six of Defendants' witnesses.

---

[1] The remainder of the issues raised in Plaintiff's Motion in Limine (Dkt. 148) will be addressed in a subsequent Memorandum Decision and Order.

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a), all parties are required to make initial disclosures that include "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Further, Rule 26(e), requires a party to supplement their disclosures "in a timely manner" if the party learns that its 26(a) disclosures are in material respect incomplete and if the additional "information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

The failure to comply with Rule 26(a) and (e) disclosure requirements can result in the preclusion of a witness or other evidence at trial. Specifically, under Rule 37, "If a party fails to . . . identify a witness as required by rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see Benjamin v. B & H Educ., Inc.,* 877 F.3d 1139, 1150 (9th Cir. 2017); *Yeti by Molly*, 259 F.3d at 1105. "Indeed, Rule 37(c)(1) is 'intended to put teeth into the mandatory ... disclosure requirements' of Rule 26(a) and (e)." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (citing 8B Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 2289.1 (3d ed.2014)).

## ANALYSIS

### A. David Pimentel (Dkts. 134, 148)

Defendants have moved to allow witness David Pimentel to testify at trial via video conference. (Dkt. 134.) Plaintiff opposes that motion (*see* Dkt. 136), and has filed a motion in limine seeking to preclude Pimentel from testifying at all (Dkt. 148). Plaintiff does not object to the method through which Defendants propose to have Pimentel testify. Instead, Plaintiff argues that Defendants failed to disclose Pimentel as a witness in either their initial disclosures under Rule 26(a) or in (timely) supplemental disclosures under Rule 26(e).

Defendants do not dispute that they did not disclose Pimentel in their initial disclosures. They also do not dispute that they did not provide a Rule 26(e) supplemental disclosure of Pimentel until August 31, 2022, which is just over five weeks before trial is set to begin and many months after discovery closed.[2] Defendants contend, however, that they have not violated Rule 26(a) or (e) because Defendants "otherwise [] made known" to Plaintiff during the discovery process and in writing that they may use Pimentel as a witness to support their claims or

---

[2] Defendants made this August 31, 2022, supplemental disclosure only after Plaintiff filed her opposition to Defendants' motion seeking to allow video trial testimony from Pimentel.

defenses. The Court disagrees.

The Court acknowledges Defendants' evidence that Pimentel has been mentioned repeatedly in correspondence between counsel and between counsel and Court personnel; during discovery; in filings with the Court; and in relation to Defendants' litigation hold. (*See* Dkt. 154-1 at 2-9.) However, discovery in this case included Defendants' production of more than 70,000 pages of documents, the depositions of nine different defense witnesses, eight 30(b)(6) defense designees, and the deposition of Plaintiff. Plaintiff cannot be expected to comb through this extensive discovery and guess which of the multitude of people mentioned may be called by Defendants as a witness. To the contrary, the purpose of Rule 26(a) and 26(e) disclosures is to provide Plaintiff with certainty of who Defendants may call as witnesses at trial, and to allow Plaintiff to prepare for trial accordingly. As the Ninth Circuit has explained, the burden of disclosure is on the party that seeks to call the witness, here Defendants, and the "adverse party," here Plaintiff, "should not have to guess which undisclosed witnesses may be called to testify." *Ollier*, 768 F.3d at 863.

The Court also acknowledges that Defendants included Pimentel as a potential witness in its opposition to Plaintiff's motion for change of venue, filed in October 2021 (*see* Dkt. 91). However, in her reply brief on that motion, Plaintiff

**MEMORANDUM DECISION AND ORDER - 4**

pointed out that Defendants had not disclosed Pimentel as a witness in either their initial disclosures or any supplemental disclosure. Thus, Defendants were on notice, as of October 2021, that they had failed to disclose Pimentel. Despite this notice, Defendants took no action to supplement their disclosures to include Pimentel as a witness until ten months later, on August 31, 2022. This failure to supplement signaled to Plaintiff that Defendants did not actually intend to call Pimentel as a witness.

Further, in granting Plaintiff leave to file the Fourth Amended Complaint, which added allegations related to the investigation involving Pimentel, the Court reopened limited discovery and also directed the parties to exchange disclosure materials related to the additional allegations "*within seven days*" of November 9, 2021. (Dkt. 98.) This provided Defendants with yet another opportunity to provide a supplemental disclosure of Pimentel as a witness. Such supplementation would have, in turn, provided Plaintiff with the opportunity to engage in discovery, including a deposition of Pimentel, with the knowledge that he may be called as a witness. Again, Defendants failed to make a supplemental disclosure of Pimentel which, in turn, again indicated to Plaintiff that Defendants did not actually intend to call Pimentel as a witness.

Under these circumstances, the Court finds that Defendants did not timely

disclose Pimentel or otherwise make known to Plaintiff, through discovery or in writing, that they may use Pimentel as a witness to support their claims or defenses. *See Ollier*, 768 F.3d at 863.

The Court also finds that Defendants' failure to timely disclose Pimentel as a witness was not justified, let alone substantially justified. Defendants have put forward no adequate explanation for why Pimentel was not disclosed as a witness, either initially or through timely supplementation. Further, as noted, Defendants did not supplement their disclosures after Plaintiff pointed out, in October 2021, that Defendants had not disclosed Pimentel as a witness, or after the Court directed the parties, in November 2021, to exchange additional disclosure materials related to the Fourth Amended Complaint and reopened limited discovery related thereto. Instead, Defendants waited until more than 8 months later, long after the deadline for limited reopened discovery passed, and just over 5 weeks before trial, to finally disclose that they may call Pimentel as a witness. There is simply no justification for this untimely disclosure.

Finally, the Court does not find this untimely disclosure to be harmless. Plaintiff has not conducted a deposition of Pimentel. Nor did the late disclosure of Pimentel occur at a time when Plaintiff had the opportunity to make a strategic decision on whether to depose him in preparation for questioning him at trial.

Further, the trial is now less than two weeks away, and reopening discovery at this late stage to allow such a deposition would impose a heavy and unreasonable burden on the Court's, the parties', and the witnesses' schedules.

The Court will accordingly deny Defendants' motion to allow the video testimony of Pimentel, and will grant Plaintiff's motion to preclude Pimentel from testifying.

### B.     Motion to Exclude Additional Defense Witnesses (Dkt. 148)

Plaintiff also moves to preclude the following additional witnesses from testifying at trial: Sande Schlueter, Katie Ball, Matthew Zandi, Don Burnett, and Mike Nugen. Plaintiff argues that, as with Pimentel, these witnesses were not timely disclosed, and were instead first disclosed by Defendants in the August 31, 2022, supplemental disclosure.

As with Pimentel, it is undisputed that Defendants did not include these additional witnesses in their initial disclosures. It is also undisputed that Defendants did not provide a Rule 26(e) supplemental disclosure of these additional witnesses until August 31, 2022. The Court finds that its above reasoning and analysis related to Pimentel applies equally – in whole or in part – to these remaining witnesses and further finds it unnecessary to repeat that reasoning and analysis here.

For the above reasons, the Court finds that Defendants did not timely

disclose the additional witnesses or otherwise make known to Plaintiff, through discovery or in writing, that they may use these additional witnesses to support their claims or defenses. *See Ollier*, 768 F.3d at 863. The Court further finds, for the reasons discussed above, that the failure of Defendants to timely disclose the additional witnesses was neither substantially justified nor harmless. Accordingly, the Court will grant Plaintiff's motion to preclude these additional witnesses from testifying.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to present testimony of an unavailable witness (David Pimentel) via video conference (Dkt. 134) is DENIED.

2. Plaintiff's motion to preclude the following witnesses from testifying is GRANTED:

    a. David Pimentel

    b. Sande Schlueter

    c. Katie Ball

    d. Matthew Zandi

    e. Don Burnett

    f. Mike Nugen

3. This ruling does not preclude Defendants from using these witnesses'

testimony solely for impeachment purposes. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Further, if Defendants would seek to use David Pimentel's testimony solely for impeachment purposes, the Court would be inclined to reconsider and grant Defendants' request to allow that testimony via video conference.

DATED: September 28, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9