UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R SANDERS, | Case No. 3:19-cv-00225-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| THE UNIVERSITY OF IDAHO, COLLEGE OF LAW, et al., | |
| Defendants. | |

## INTRODUCTION

Before the Court is the portion of Defendants' Objections (Dkt. 172) in which Defendants object to Plaintiff's proposed use of video clips from depositions.[1] This portion of Defendants' objections was filed in response to Plaintiff's notice that she intends to use video clips from the video depositions of John Wiencek under 30(b)(6) (which was video recorded by Plaintiff's counsel), Barbara Cosens (which was video recorded using Zoom), and Jennifer Cossel (which was also video recorded using Zoom). Defendants object to the use of these

---

[1] The other portion of Defendants' objections in which Defendants object to Plaintiff's trial testimony deposition designations will be addressed on the record on the first day of trial.

video clips on the ground that a certified videographer was not present during any of the depositions and thus the videos from the depositions are uncertified. However, Defendants did not, either before the depositions began, or promptly after the depositions ended, object to the video recording of the depositions by means other than a certified videographer. Instead, Defendants waited until the eve of trial to make an objection. For the reasons discussed below, the Court will overrule Defendants' objections to Plaintiff's use of the video clips.

## ANALYSIS

Under Federal Rule of Civil Procedure 32(d)(2), "An objection based on disqualification of the officer before whom a deposition is to be taken is waived if not made: (A) before the deposition begins; or (b) promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known." Further, under Rule 32(d)(3)(B), "An objection to an error or irregularity at an oral examination is waived if: (i) it relates to the manner of taking the deposition, . . . or other matters that might have been corrected at that time; and (ii) it is not timely made during the deposition."

Here, the deposition notices for all three depositions gave notice that the depositions were to be video depositions. For the Wiencek 30(b)(6) deposition, the notice is titled: "Notice of Video Deposition Pursuant to F.R.C.P. 30(b)(6)," and states: "Notice is hereby given that the Plaintiff will take the stenographic and

video deposition of the University on a date and time to be scheduled at the earliest convenience of the parties before a certified court reporter and notary public. . . ." (Dkt. 177-2.) The notice thus complies with the requirements for notice of a video deposition under Rule 30(b). *See* Fed. R. Civ. P. 30(b)(3) ("The party who notices the deposition must state in the notice the method for recording the testimony . . . With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice.").

Wiencek appeared for the 30(b)(6) deposition testimony on November 19, 2019. Defendants' counsel was present at the deposition and did not object either before the deposition began or promptly after the deposition ended that the deposition was being video recorded without the use of a certified videographer. And Defendants knew, at the time of the deposition of that the videorecording was by a non-certified videographer. As Defense counsel states in his declaration: "I defended the in-person Rule 30(b)(6) depositions including that of John Wiencek. . . . I did not see a certified videographer at these depositions and was not made aware of the presence of one. . . . I witnessed Plaintiff's counsel video tape the depositions on what I presumed was a personal video camera." (Dkt. 172-5, Stromberg Decl. ¶¶ 4-6.) Because Defendants knew or should have known at the

time of the Wiencek deposition that the video of the deposition was not being recorded using a certified videographer, and failed to raise their objections prior to or promptly after the deposition, their objection to the use of a non-certified videographer to video record the deposition is waived. *See* Fed. R. Civ. P. 32(d)(2), (3)(B).

The subpoenas for deposition served on both Cosens and Cossel state: "Place: the deposition will occur virtually with all parties attending from their prearranged remote locations via secured electronic zoom link. . . . The deposition will be recorded by this method: Zoom." (Dkts. 177-3, 177-4.) Defendants were provided a copy of these subpoenas prior to the subpoenas being served on Cosens and Cossel. Cossel appeared via Zoom for her deposition on October 21, 2020, and the deposition was recorded via Zoom as set forth in the subpoena. Similarly, Cosens appeared via Zoom for her deposition on December 10, 2020, and the deposition was recorded via Zoom as set forth in the subpoena. Defense counsel was present at both of these Zoom depositions and did not object either before the depositions began or promptly after the depositions ended that the deposition was being video recorded without the use of a certified videographer. Again, the first time they objected is through the objections filed on September 30, 2022.

And Defendants knew, or had reason to know, at the time of the Cossel and

Cosens depositions that the videorecording was being made without the use of a certified videographer. As Defense counsel states in his declaration: "I defended the deposition of Jennifer Cossel on October 20, 2020. . . ." and "I defended the deposition of Barbara Cosens on December 10, 2020. . . . I did not see a certified videographer at either of these depositions and was not made aware of the presence of one." (Dkt. 172-4, FitzMaurice Decl. ¶¶ 5-9.) Because Defendants knew or should have known at the time of the Cossel and Cosens depositions that the video recordings were being made without the use of a certified videographer, and failed to raise their objections prior to or promptly after the depositions, their objections to the use of Zoom to video record the depositions are waived. *See* Fed. R. Civ. P. 32(d)(2), (3)(B).

The cases cited by Defendants in support of their motion are inapposite. In *Alcorn v. City of Chicago*, 336 F.R.D 440, 442 (N.D. Ill. 2020), the depositions at issue had been noticed as being recorded using the recording function on Zoom and the defendant objected to the use of Zoom recording prior to the deposition. The court sustained the objection, finding that the use of the videorecording function of Zoom for the video portion of the deposition did not comply with the requirements of Rule 30 for a certified videographer.

In contrast to *Acorn,* here, the notice of 30(b)(6) gave notice that it was a

video deposition, and the subpoenas gave notice that the depositions would be recorded using Zoom video recording. These notices comply with the notice requirements of Rule 30(b)(3). If Defendants had raised the issue of the manner of recording prior to, or promptly after the depositions, we would be at a different juncture. However, Defendants did not do so and instead waited until the eve of trial to raise their objections. As discussed, they have accordingly waived their objections to the method of recording and failure to use a certified videographer.

In *Raiser v. San Diego County*, Case No.: 19-cv-0751-GPC-KSC, 2021 WL 2886048 (S.D. Cal. July 7, 2021), the court rejected the plaintiff's proposal to video record depositions without the use of a certified videographer. However, defendants raised their objection to the proposed method of video recording prior to the depositions. Thus, waiver was not an issue in that case. In contrast, here, Defendants did not object prior to the depositions or even promptly after the depositions, and instead waited until the eve of trial to raise their objections.

In *Ryan v. eXp Realty LLC*, Case No. CV-20-00325-PHX-GMS,, 2022 WL 475988 (Feb. 16, 2022), the defendants did not raise their objection to the video recording of a deposition via Zoom without a certified videographer until several months prior to trial. The court acknowledged the failure of the defendant to object timely under Rule 32(d)(3)(B). However, the court focused on problems with the

quality of the videorecording itself, and noted that those problems would have been avoided through the use of a certified videographer. For example, portions of the video were recorded with a screen share taking most of the window, and the deponent's video feed small and difficult to see, making those portions of the video "unhelpful for a jury because the deponent's body language is barely visible." *Id.* at *1. Further, Plaintiff did not inform the court of the amount of time in the video during which the deponent's feed was minimized, and did not explain how she was going to fix this problem. *Id.* at *2. "Leaving the video recording in this view for the jury will be unhelpful and switching between the transcript and the video recording will be distracting." *Id.* Accordingly, because the recording did not comply with the requirement for a certified videographer *and* "will also be unhelpful or distracting to a jury," the Court excluded the video, but allowed use of the court reporter transcript.

Finally, in *Schoolcraft v. City of New York*, 269 F.R.D. 231 (S.D. NY 2013), the plaintiff did not give notice to the defendant of the intent to videotape the depositions as required under Rule 30(b). The plaintiff's counsel showed up at the deposition with his personal video camera and indicated at the deposition for the first time the intent to videorecord the deposition. The defendants objected prior to the start of the deposition to the lack of Rule 30(b) notice of intent to videotape as

well as the method plaintiff's counsel intended to use. *Id.* at 239. The matter was promptly submitted to the court, and the court held that the "failure to serve proper Rule 30(b) notice to the [defendants] and the potential difficulties surrounding the video recordings were appropriate grounds for adjourning the deposition. Although the Plaintiff may take video recordings in depositions for his own purposes, those recordings taken by counsel will not be admissible." *Id.* at 240.

In the present case, in contrast, each of the three depositions were properly noticed under Rule 30(b) as video depositions, with the Cossel and Cosens depositions noticed via the subpoena as being recorded via Zoom. Defendants did not raise an objection prior to or promptly after those depositions. Accordingly, they have waived those objections under Rule 32(d)(2) and (3)(B).

Defendants argue that there was no waiver because there was not an "intentional relinquishment or abandonment of a known right or privilege." (Dkt. 184 at 4 (citing *Arizona v. Tohono O'odham Nation*, 818 F.3d 549, 559 (9th Cir. 2016). However, Defendants are charged with the knowledge of the Federal Rules of Civil Procedure, including the requirements of Rule 32 and the consequences of not timely raising objections. Defendants were also on notice that the depositions were video depositions, they knew the method of recording at the time of the depositions, and knew that there was not a certified videographer present. Despite

this knowledge, they failed to raise any objection before or promptly after the depositions. The Court finds, under these circumstances, that there was an intentional relinquishment or abandonment of their right to object to the method of videorecording the depositions and the failure to use a certified videographer for those recordings.

Defendants also argue that the videos were not disclosed to them. However, Defendants had notice that the depositions were video depositions, and were provided with the written deposition transcript. Defendants never requested copies of the video recordings of the depositions, despite knowing that they existed. Further, apparently when Plaintiffs filed their amended witness list, Plaintiff also offered to provide Defendants with a copy of the portions of the video depositions Plaintiff plans to use at trial. Defendants have apparently not asked to be provided with those clips. Under these circumstances, the Court rejects Defendants' contention that Plaintiffs failed to disclose the videos in a timely manner.

## ORDER

IT IS ORDERED that the portion of Defendants' Objections (Dkt. 172) in which Defendants object to Plaintiff's proposed use of video clips from the video depositions of John Wiencek, Barbara Cosens, and Jennifer Cossel are OVERRULED.

DATED: October 8, 2022

B. Lynn Winmill
U.S. District Court Judge