ERIKA BIRCH (Bar No.7831)
T. GUY HALLAM, JR. (Bar No. 6101)
**STRINDBERG SCHOLNICK BIRCH**
**HALLAM HARSTAD THORNE**
1516 W. HAYS STREET
BOISE, ID 83702
(t) 208.336.1788
(f) 208.344.7980
erika@idahojobjustice.com
guy@idahojobjustice.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **SHAAKIRRAH R. SANDERS,**<br><br>    Plaintiff,<br><br>vs.<br><br>**THE UNIVERSITY OF IDAHO, COLLEGE OF LAW, a public university governed by the STATE BOARD OF EDUCATION, et al.**<br><br>    Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO CHANGE VENUE**<br><br>Civil No. 3:19-CV-00225-BLW<br>Judge Winmill |

Plaintiff, Shaakirrah R. Sanders, by and through her undersigned attorneys, hereby submits this *Memorandum in Support of Plaintiff's Second Motion to Change Venue*. In support of her Second Motion, Plaintiff states as follows:

### I.     PROCEDURAL AND FACTUAL BACKGROUND

1.     Plaintiff Shaakirrah R. Sanders (hereinafter "Professor Sanders" or "Plaintiff") filed her Complaint in the United States District Court for the District of Idaho on June 19, 2019.

(Dkt. #1.) Plaintiff filed her Complaint in the Southern Division of the United States District Court for the District Court of Idaho, and more specifically, Ada County, Idaho.

2. Shortly after filing the Complaint, on June 25, 2019, Plaintiff's counsel was notified by the Clerk's office that the case was being reassigned from the Southern Division to the Central Division. *See* Dkt # 86-2, ¶¶ 3-4.

3. Plaintiff Shaakirrah R. Sanders is a resident of Ada County, in the State of Idaho.

4. Defendant University of Idaho College of Law has two Idaho locations: a campus in Boise, Ada County and a campus in Moscow, Latah County. The current Dean of the law school resides in Boise.

5. Professor Sanders has worked at the University of Idaho College of Law's Boise campus, located in the Southern Division, since 2014.

6. Defendants Mark Adams and Jerry Long reside in or near Moscow and teach at the Moscow campus.

7. The conduct giving rise to Plaintiff's claims occurred while Plaintiff worked in the Southern Division, in Boise.

8. After the Court ruled on summary judgment motions making it clear that there would be a trial set in this case, Plaintiff filed a *Motion to Change Venue* ("*Motion*") requesting that the Court reassign the case to the Southern Division for purposes of trial. Dkt. # 86. Defendants opposed Plaintiff's *Motion*. Dkt. # 91.

9. On January 24, 2022, the Court issue a *Memorandum Decision and Order* ("*Order*") denying Plaintiff's *Motion* finding "no compelling reason to change venue." Dkt. # 112, p.7.

10. Trial took place in Coeur d'Alene from October 11 through October 24, 2022. The jury was unable to reach a unanimous verdict, and the case was declared a mistrial.

11. At trial, Prof. Sanders, her two attorneys, and a paralegal attended from out of town and thus incurred travel and accommodation expenses.

12. The two individual Defendants – Mark Adams and Jerry Long – attended trial with three attorneys – also all from out of town and thus incurred travel and accommodation expenses.

13. A chart of non-party witnesses who testified is attached to the *Declaration of Erika Birch* (*Birch Dec.*") as Exhibit A. The chart includes the residence of the witness, their position, who they were called by, and a brief summary of the topics of their testimony.

14. The non-party witnesses who testified in person at trial included the following called by the Plaintiff: Elizabeth Brandt (Ohio); Michael Satz (Boise); Sarah Haan (Virginia); Gary Couillard (N. Carolina); Erin Agidius (Moscow). Additionally, there were two witnesses who were not able to travel and hence testified remotely on behalf of the Plaintiff – Katherine Macfarlane (Louisiana), and Amy Oppenheimer (New York/California).

15. The non-party witnesses called by Defendants were: Wendy Couture (Boise);[1] Lindsey Ewan (Moscow); Brandi Terwilliger (Moscow); and Richard Seamon (Moscow).

16. Both parties had to call witnesses out of order and otherwise interrupt other witnesses' testimony because of travel/scheduling issues. In particular, both Prof. Long and Prof Sanders had their testimony interrupted in order to accommodate witnesses.

---

[1] Prof. Couture's testimony could not be completed on the same day she was called and hence her testimony finished with her testifying remotely from Boise the following day.

17.     Finally, the presiding judge, Judge Winmill, was not able to be at trial in person on the final day of jury deliberations and the return of the verdict because he had to travel back to Boise.

## II.     LEGAL STANDARD

The Court has considerable discretion in deciding a motion to transfer after considering the relevant factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).[2] 28 U.S.C. §1404(a) explicitly lists "the convenience of the parties and witnesses, in the interest of justice," as justification for a transfer. Additionally, in its *Order*, the Court identified a variety of factors considered by other courts in determining whether to change venue. Dkt. #112, pp. 4-5. Pertinent to this *Motion*,[3] those factors include: (1) plaintiff's choice of forum;[4] (2) difference in the costs of litigation in the two forums;[5] and, (3) all other factors of a practical nature that make a trial easy, expeditious, and economical.[6]

## III.     ARGUMENT

In her original *Motion*, Plaintiff made the following arguments in support: (1) the Southern Division is Plaintiff's choice of forum; (2) the parties have substantial contacts within the Division and the events giving rise to Plaintiff's claims occurred within the Southern Division; (3) it will

---

[2] While it is true that the moving party has the burden of showing that the balances of conveniences heavily favor the transfer, this standard arises from the fact that it is typically the defendant attempting to change venue from the one which the plaintiff has chosen. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Hence, the burden is set high to "warrant upsetting the plaintiff's choice of forum." *Id*. Thus, while plaintiff does not shed her burden here, the rationale for a heightened showing is not applicable.

[3] Other factors in this analysis, such as (1) the location of the defendants' residences; (2) the respective parties' contacts with the forum; and (3) availability of compulsory process to compel attendance of unwilling non-party witnesses, are generally not at issue or are neutral and therefore are not discussed in the instant analysis and argument. *Decker Coal*, 805 F.2d at 843.

[4] *Decker Coal*, 805 F.2d at 843.

[5] *Id*.

[6] *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006).

be less expensive and more convenient on balance for the parties and the majority of the witnesses to have trial in the Southern Division, and (4) the transfer is also in the interests of justice considering the ability of the parties to efficiently pick a fair and unbiased jury. Dkt. #86-1, pp. 4.

In their *Response*, Defendants argued that even though some witnesses work and reside in Boise, "that number pales in comparison to the number of witnesses that are all but certain to be called to testify at trial who work and reside in the northern half of the state, hundreds of miles away from the federal courthouse in Boise." Dkt. #91, p. 6. The witnesses represented by Defendants as working and residing in Northern Idaho included 13 individuals. However, three of these witnesses actually lived out of state: Torrey Lawrence (former Provost) lives in Ohio and his 30(b)(6) video testimony was shown at trial; Prof. Anastasia Telesetsky lives in California and was not called by either party; and Prof. Elizabeth Brandt lives in Ohio and was called by Prof. Sanders. Additionally, the Court excluded three (3) of the witnesses identified by Defendants from testifying because they were not properly disclosed by Defendants (Michael Nugen, David Pimentel and Dean Burnett). Of the remaining seven (7) north Idaho witnesses, Defendants called only three (3) of them at trial – all current employees: Brandi Terwilliger, Lindsay Ewan, and Richard Seamon.

In denying Plaintiff's first *Motion* the Court considered the following factors: 1) it accorded little weight to Prof. Sanders' choice of forum; 2) the case had been litigated for over two years with venue fixed in the Central Division;[7] 3) most witnesses likely to testify at trial live out-of-

---

[7] Regarding this particular factor, the fact that the case proceeded with venue in the Central Division until after summary judgment had absolutely <u>no</u> practical effect and <u>no</u> decipherable cost impact to either party. Specifically, discovery, including depositions, were conducted just as they would have been no matter where venue lie. All hearings held by the Court, including even the pre-trial hearings, were conducted via zoom as opposed to in one of the physical courthouses. There was simply no reason to change venue until the parties were facing the significance of the costs associated with having a trial in Coeur d'Alene.

state or in the northern part of the state, and it is not "substantially more convenient" for witnesses to fly into the Boise airport rather than the Spokane airport. Dkt. #112, pp. 5-6. Overall, the Court found that Prof. Sanders had "failed to show that it would be substantially less expensive for the parties if the trial is held in Boise." *Id*. at 6.

As set forth below, Plaintiff files this *Second Motion for Change of Venue* because she believes that a second trial in the Southern Division: 1) will significantly reduce the overall costs associated with a second trial; 2) be more convenient for the majority of third-party witnesses, including witnesses travelling from out-of-state; and, 3) honors Plaintiff's original choice of venue.

### A. Trial in the Southern Division will Significantly Reduce the Overall Costs of a Second Trial.

Federal Rule of Civil Procedure 1 dictates that the parties and the Court should attempt to "secure the just, speedy and inexpensive determination of every action and proceeding." As indicated above, trial in Coeur d'Alene required both sides to pay for multiple people (four on the Plaintiff's side, and five on the Defendants' side) to travel, eat and sleep near the courthouse over the course of the two-week trial. Thus, both sides incurred substantial costs and will do so once again if venue remains as is.[8] However, if trial occurs in the Southern Division, essentially half of those costs – the costs on the Plaintiff's side -- will be defrayed.[9] It is not accurate to say that changing venue shifts the costs to Defendants because they will incur travel, room and board costs regardless of where the trial is held. Moreover, if Plaintiff is a prevailing party, Defendants will have to reimburse Plaintiff's costs such that decreasing (or eliminating Plaintiff's travel costs)

---

[8] Indeed, Plaintiff's costs attributable to the trial being out-of-town exceeded $13,000.
[9] Depending on the date of the trial, Plaintiff may still have to fly to Boise from Pennsylvania where she is visiting teaching, unless the trial occurs after the Spring semester ends. Regardless, Plaintiff will not incur rental car and accommodation expenses if the trial is in Boise as she would in Coeur d'Alene.

benefits Defendants in that scenario.[10] Of course, if Defendants prevail, Plaintiff could be responsible for all costs such that Defendants would be reimbursed, but Plaintiff would at least have realized the benefit on not having incurred her portion of the travel/accommodations costs a second time. Thus, a 44% reduction in the parties' overall travel costs is a significant cost savings that stands to benefit both sides and helps meet Rule 1's goal of ensuring an inexpensive and just determination.

Of the non-party witnesses that testified in the first trial, two (2) travelled from Boise, three (3) travelled from out-of-state, four (4) travelled from Moscow, and two (2) appeared remotely (but would have preferred to testify in person which would have meant travel from out-of-state). *See* Exhibit A. Thus, if the same witnesses were called at a second trial, five (5) non-party witnesses would likely be travelling from out of state. Based on review of flight prices, it appears that the price of tickets to fly into Boise versus Spokane is generally comparable. *Birch Dec*. ¶ 3. However, because accommodations and the courthouse are in Boise within just a few miles of the airport versus witnesses commuting from Spokane to Coeur d'Alene, there are additional cost savings for witnesses travelling by plane if the trial is held in Boise.

The remaining non-party witnesses are either in Boise or Moscow. Thus, if trial occurs in Boise, the two (2) Boise witnesses would not need to travel at all, a cost-savings, while the four (4) Moscow witnesses have to travel either way, albeit further -- approximately 295 miles versus the 85 miles to Coeur d'Alene (and hence presumably more expensive). The bottom line is that for seven (7) witnesses the overall travel costs will be less to testify in the Southern Division, versus

---

[10] Additionally, if Plaintiff prevails, Defendants are likely to have to reimburse Plaintiff for the time it takes for her trial team to travel to Coeur d'Alene. Thus, decreasing those fees will either benefit the Plaintiff if she loses or benefit the Defendants if she wins.

four (4) witnesses for whom the costs will be more. However, as discussed below, all of the Moscow witnesses are current University employees which means their inconvenience is not given the same weight.

In sum, having the second trial in the Southern Division will be less expensive for the Plaintiff, which if she prevails means it will also be less expensive for the Defendants. The Defendants must travel and pay for accommodations regardless, and of the two parties, the Defendants have significantly more financial resources to bear the burden of those costs. *Galonis v. National Broadcasting Co., Inc.*, 498 F. Supp. 789, 793 (D.N.H. 1980)(the court may take into account the financial strength of each party). Finally, the overall expense for the majority of witnesses, most of whom will be travelling from out of state or reside in Boise, will also be reduced if venue is in the Southern Division.

### B. Trial in the Southern Division will be More Convenient for the Third-Party Witnesses.

Again, assuming the parties recall the same witnesses they did in the first trial, all witnesses will have to travel to the Coeur d'Alene courthouse. But not all witnesses are meant to be treated alike. Of the eleven (11) non-party witnesses, five (5) are Defendant-employees,[11] and thus, their inconvenience is not entitled to the same weight in the section 1404 context. *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (*citing Galonis*, 498 F. Supp at 793); *see also*, Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3851, at ¶ 3; n. 9 (4th ed. 2022). All of the Moscow witnesses are current University employees and hence will be reimbursed for their travel related expenses, and likely compensated for their time missed from work. Thus, travel is less financially and otherwise burdensome on them than it is on the remaining

---

[11] Wendy Couture – Boise; Erin Agidius, Lindsay Ewan, Brandi Terwilliger, and Richard Seamon – all Moscow.

witnesses, most of whom are out-of-state witnesses. As already stated above, because accommodations and the courthouse are in Boise within just a few miles of the airport versus witnesses commuting from Spokane to Coeur d'Alene, Boise is a more convenient location to travel in/out of.  Additionally, there are generally more flight options flying in and out of Boise versus Spokane which makes travel more convenient. *Birch Dec.* ¶ 4.

Additionally, the testimony from the witnesses called by Plaintiff was material and significant as summarized in Exhibit A. By comparison, Defendants called four (4) non-party witnesses, all current employees. *See* n. 10.  None of these witnesses' testimony was very lengthy, and the substance of their testimony was narrow in scope relative to the issues in the case. That is not to say that these witnesses should be disregarded, but their testimony could easily be provided remotely, which would eliminate their travel burdens.

In summary, on balance it will be more convenient for more witnesses to testify in the Boise courthouse than it will be for them to testify in the Coeur d'Alene courthouse. Additionally, the four (4) Moscow witnesses are all current employees and hence their convenience should be weighed less than the other true third-party witnesses. *STX, Inc.*, *supra*. Finally, for three (3) of the Moscow witnesses, their testimony was brief and narrow in scope such that remote testimony is a viable option should they not want to travel.

### C. Plaintiff's Original Choice of Venue Should be Given More than Little Weight.

Despite the broad discretion afforded the Court in determining whether to transfer venue, Plaintiff's choice of venue should generally be accorded deference. *See, e.g.*, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); *Decker Coal*, 805 F.2d at 842 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice

of forum"). This is particularly true when a plaintiff's choice of venue is her home forum (as opposed to a foreign forum), or where the underlying events occurred. *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1110 (C.D. Cal. 2007). Here, The Southern Division is both where Prof. Sanders' resides, and also where the discriminatory actions/impacts occurred. Thus, especially in light of the cost savings and the conveniences identified above, Plaintiff's choice of venue should be given deference.

### IV. CONCLUSION

Overall, the factors favor transferring this case back to the Southern Division. Not only is it Plaintiff's original choice of forum, and where the acts at issue occurred (or at least where the discriminatory impacts were felt), but most importantly, the cost efficiencies in having a second trial in the Southern Division are significant and will also be more convenient for the majority of the third-party witnesses.

Plaintiff's *Second Motion to Change Venue* is appropriate pursuant to 28 U.S.C. §1404 and is offered in the interests of justice. This Court should exercise its discretion and GRANT Plaintiff's Motion.

DATED this 14th day of November, 2022.

                                       STRINDBERG SCHOLNICK BIRCH
                                       HALLAM HARSTAD THORNE

                                       /s/ Erika Birch
                                       Erika Birch
                                       T. Guy Hallam Jr.
                                       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that on the above referenced date a true and correct copy of the forgoing pleading was served on the following via the CM/ECF system:

Bentley G. Stromberg
Tully FitzMaurice
Sonyalee R. Nutsch
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
bstromberg@clbrmc.com
tfitzmaurice@clbrmc.com
snutsch@clbrmc.com

            /s/ Robyn Salazar
            Robyn Salazar, of the firm