UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAAKIRRAH R. SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF IDAHO, a public university governed by the BOARD OF REGENTS OF THE UNIVERSITY OF IDAHO aka the STATE BOARD OF EDUCATION, an executive department of the STATE OF IDAHO, and MARK ADAMS, former Dean of the College of Law, in his individual capacity only, JERROLD LONG, former term Dean of the College of Law, in his individual capacity only, and JOHANNA KALB, current Dean of the College of Law, in her official capacity only,<br><br>    Defendants. | Case No. 3:19-cv-00225-BLW<br><br>**AMENDED PRETRIAL ORDER** |

    Following a conference with all counsel and the Court on September 19, 2022, the Court issues the following order:

    1.    **Trial Date:** A 10-day trial shall be set for ***September 18, 2023, at***

ORDER - 1

*9:30 am in the Federal Courthouse in Boise, Idaho*. Beginning on day two and thereafter, trial shall begin at 9:00 am and end at 3:30 pm, with three fifteen-minute breaks.

2. **Pretrial Conference:** A pretrial conference shall be held on *August 28, 2023, via Zoom, at 3:00 p.m. Mountain Daylight Time*. The purpose of the conference is to discuss and resolve (1) the legal issues remaining in the case; (2) evidentiary issues; (3) trial logistics; and (4) any other matter pertaining to the trial. Not less than twenty days prior to the date of the pretrial conference, the parties shall communicate and reach agreement on as many items as possible. The parties shall be prepared to discuss with the Court those items over which counsel disagrees.

3. **Witness Lists:** The Parties shall exchange witness lists *on or before August 21, 2023*. The witness lists shall contain the material listed in F.R.C.P. 26(a)(3)(A)&(B), and shall include a full summary, not just the subject, of the witnesses' expected testimony.

4. **Exhibit Lists, Exhibits, Witness Lists, Proposed Voir Dire, Proposed Jury Instructions, Trial Briefs, and Motions in Limine:** All exhibit lists, witness lists, proposed voir dire, proposed jury instructions, trial briefs, and motions in limine shall be filed with the Court *on or before August 21, 2023*. On the same date, the parties shall exchange all trial exhibits, but shall

not provide them to the Court until the day of trial. Counsel shall only provide the Court with a set of original pre-marked exhibits. Because of the use of electronic evidence presentation systems, it is unnecessary to provide any copies. Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system. The exhibit lists shall follow the guidelines set out in Local Rule 16.3(f) to the extent it is not inconsistent with this Order. The exhibit lists shall be prepared on the form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk. Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for the plaintiff; exhibit numbers 2000 through 2999 shall be reserved for the defendant. Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon. The proposed jury instructions shall follow the guidelines set out in Local Rule 51.1 to the extent it is not inconsistent with this Order. Additionally, counsel shall provide a clean copy of the Jury Instructions to the Court in Word format and emailed to BLW_orders@id.uscourts.gov.

5. **Settlement/Mediation Deadline**: The parties agree that they shall notify the

ORDER - 3

Court **on or before August 7, 2023,** that the case has either settled or will definitely go to trial.

6. **Trial Procedures**:

    a. The Court will generally control voir dire, and counsel will be limited to 20 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

    b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

    c. During trial, the jury will be in the box hearing testimony the entire trial day between 9:00 am and 3:00 pm, except for the breaks as described above.

    d. During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If somewhat more extensive argument is needed, I may call for a sidebar. If the matter cannot be resolved at sidebar, counsel will be directed to avoid the objectionable subject and continue on a

ORDER - 4

      different line of questioning so that the objection can be argued and resolved at another time.

e. **If social distancing is required due to the COVID-19 pandemic, sidebars will not be permitted, and the Court will not send the jury out of the courtroom to resolve evidentiary disputes. Counsel simply must anticipate evidentiary objections and bring them to the Court's attention so that they can be resolved without sending the jury out of the courtroom.** Counsel are to advise the Court and counsel of any such issues before they arise during trial so that it can be heard before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

f. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidably delayed, counsel shall promptly notify the Court and opposing counsel.

g. When counsel announce the name of a witness called to testify, the Court or the clerk will summon them forward to be sworn, the clerk

ORDER - 5

      will administer the oath and, after the witness is seated, ask the witness to state their name and spell their last name for the record. The Court will then indicate to counsel that they may inquire of the witness.

    h. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

    i. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by their last names.

7. **Jurors**: You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid **all** contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

8. **Jury Instruction Conferences**: I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined

ORDER - 6

the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

DATED: January 18, 2023

B. Lynn Winmill
U.S. District Court Judge

**ORDER - 7**